| | |
|---|---|
| 1 | J. DAVID HADDEN (CSB No. 176148) |
|   | dhadden@fenwick.com |
| 2 | SAINA S. SHAMILOV (CSB No. 215636) |
|   | sshamilov@fenwick.com |
| 3 | TODD R. GREGORIAN (CSB No. 236096) |
|   | tgregorian@fenwick.com |
| 4 | CHIEH TUNG (CSB No. 318963) |
|   | ctung@fenwick.com |
| 5 | FENWICK & WEST LLP |
|   | Silicon Valley Center |
| 6 | 801 California Street |
|   | Mountain View, CA 94041 |
| 7 | Telephone: 650.988.8500 |
|   | Facsimile: 650.938.5200 |

Attorneys for Defendant
ATLASSIAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC, a Texas limited liability company, and LEVEL 3 COMMUNICATIONS, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ATLASSIAN, INC., <br><br> Defendant. | Case No.: 5:18-cv-00154-BLF <br><br> **DEFENDANT ATLASSIAN, INC.'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: April 27, 2018 <br> Time: 9:00 a.m. <br> Courtroom: 3, 5th Floor <br> Judge: Honorable Beth Labson Freeman <br> Trial Date: None |

# NOTICE OF MOTION AND MOTION TO STAY

## TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on April 27, 2018 at 9:00 a.m., or as soon thereafter as the Court may hear this matter, in Courtroom 3 of the United States District Court for the Northern District of California, 280 South First Street, San Jose, California, in the Courtroom for the Honorable Beth Labson Freeman, Defendant Atlassian, Inc. ("Atlassian") shall and hereby does move the Court to enter an order staying this action pending the final resolution of *Amazon.com, Inc. et al v. Personal Web Technologies, LLC et al*, No. 5:18-cv-00767 (N.D. Cal.), in which Amazon is petitioning the California district court for preliminary and permanent equitable relief enjoining plaintiffs from proceeding with more than 50 lawsuits, including this one, against Amazon customers based solely on their use of Amazon technology, and where all of those lawsuits, including this one, are barred by res judicata and related doctrines of preclusion.

In this action, PersonalWeb claims that Atlassian infringed five expired patents because Atlassian used Simple Storage Service ("S3"), a technology designed and provided by Amazon.com, Inc. and Amazon Web Services, Inc. (collectively "Amazon"). To protect its customers and technology, Amazon filed a lawsuit in the Northern District of California on February 5, 2018, seeking (1) a declaration that plaintiffs' customer suits, including this one, are barred because they previously asserted the same patents against Amazon, accused the very same Amazon technology, and dismissed those claims with prejudice; or (2) in the alternative, a declaration that Amazon's technology does not infringe the asserted patents. (*Id.* at Dkt. 1.) As the supplier of the technology accused in this case, Amazon is the proper party to defend it, and controlling Federal Circuit law directs the Court to stay this action pending the resolution of Amazon's declaratory judgment claims.

Atlassian bases the motion on this notice, the accompanying memorandum of points and authorities, all pleadings and documents on file in this action, and such other materials or argument as the Court may consider.

Case 5:18-cv-00154-BLF   Document 27   Filed 03/23/18   Page 3 of 10

## MEMORANDUM OF POINTS AND AUTHORITIES

This case is one of more than 50 lawsuits that PersonalWeb has filed against Amazon customers around the country. PersonalWeb's lawsuits are identical: Each alleges that the customer infringed the same five expired patents because it used Amazon's S3 technology. But PersonalWeb already sued Amazon on the same patents accusing the same technology and lost. Given that PersonalWeb's claims against Amazon were dismissed with prejudice and extinguished, its new litigation campaign is an abuse of the judicial process.

To prevent this abuse, Amazon—the supplier of the technology PersonalWeb accuses in this case—has filed suit against PersonalWeb in the Northern District of California seeking declarations that PersonalWeb's claims in this case, and the claims in all other customer cases, are barred and that, even if not barred, Amazon's technology does not infringe the same patents at issue here. Federal Circuit law is clear: "litigation . . . brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463-64 (Fed. Cir. 1990). For this reason, the Federal Circuit directs courts presiding over collateral and duplicative customer suits, such as this one, to stay them pending the resolution of a manufacturer's declaratory judgment action. *See In re Google Inc.*, 588 F. App'x 988, 990 (Fed. Cir. 2014); *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014).

Accordingly, Atlassian respectfully requests that the Court stay this case until the final disposition of Amazon's declaratory judgment action.

I.  **STATEMENT OF FACTS**

   A.  **This lawsuit is one of dozens PersonalWeb filed against Amazon's customers accusing their use of Amazon's technology.**

Between January 8 and January 24 of this year, PersonalWeb filed 55 identical lawsuits against 62 defendants in the Northern District of California, Central District of California, Eastern District of New York, Southern District of New York, Eastern District of Texas, and the District of

ATLASSIAN'S NOTICE OF MOTION AND MOTION TO STAY; MEMO ISO MOTION TO STAY     2     Case No.: 5:18-cv-00154-BLF

Delaware.[1]  *See Amazon.com*, No. 5:18-cv-00767, Dkt. 15-1 at ¶¶ 2–11.  This suit is one of them. In each suit, PersonalWeb alleges infringement of the same five patents:  U.S. Patent Nos. 5,978,791 ("the '791 patent"), 6,928,442 ("the '442 patent"), 7,802,310 ("the '310 patent"), 7,945,544 ("the '544 patent"), and 8,099,420 ("the '420 patent").  And in each suit, including this one, PersonalWeb accuses Amazon's S3 service.  *See, e.g.,* Dkt. No. 1 at ¶¶ 21-22, 55–59, 62–71, 73–79.  While PersonalWeb generically alleges in its complaints that each defendant "uses a Ruby on Rails architecture," (*id.* ¶ 21) in mapping its allegations to the exemplary asserted claims, PersonalWeb points to the use of Ruby on Rails solely as a means for creating website content, the active hosting of which is then carried out by underlying functionalities within "the Amazon S3 hosting system" that are accused of meeting the limitations of PersonalWeb's claims (*id.* ¶¶ 21-22, 56, 74)—thus making clear that its allegations rise or fall based on the operation of the Amazon technology.  And since the infringement allegations in PersonalWeb's 55 complaints are identical, it is also clear that it is Amazon's S3 technology—not any technology provided by Atlassian—that PersonalWeb alleges meets the key limitations of the claims.

**B.     To protect its customers and technology, Amazon filed a declaratory judgment action against PersonalWeb in the Northern District of California.**

On February 5, 2018, Amazon filed suit against PersonalWeb seeking a declaration that PersonalWeb's claims against Atlassian, and other customers, are barred and that, if not barred, Amazon's technology does not infringe the same patents asserted here.  *See Amazon.com*, No. 5:18-cv-00767, Dkt. 1.  In its complaint, Amazon explains that in 2011 PersonalWeb sued Amazon in East Texas and asserted four of the five patents at issue here.[2]  *See id.*, ¶¶ 14, 20.  And in that case,

---

[1] These cases are Northern District of California Case Nos. 5:2018cv00149, 5:2018cv00150, 5:2018cv00154 through 5:2018cv00157, 5:2018cv00159 through 5:2018cv00178, 5:2018cv00183, 5:2018cv00196; 5:2018cv00409; Central District of California Case No. 2:2018cv00193; District of Delaware Case Nos. 1:2018cv00133 through 1:2018cv00137; Eastern District of New York Case Nos. 1:2018cv00164, 1:2018cv00205, 1:2018cv00206; Southern District of New York Case Nos. 1:2018cv00212, 1:2018cv00216, 1:2018cv00217, 1:2018cv00219, 1:2018cv00220, 1:2018cv00222 through 1:2018cv00224, 1:2018cv00268, 1:2018cv00269, 1:2018cv00271, 1:2018cv00272, 1:2018cv00274; and Eastern District of Texas Case Nos. 4:2018cv00045 through 4:2018cv00049.

[2] The fifth patent asserted here, the '420 patent, is a continuation of the other four, shares the same specification, and is limited by a terminal disclaimer. *Amazon.com,* No. 5:18-cv-00767, Dkt. No. 20 at 5; 15-4, Ex. 3 ('420 patent) at 1:6–14; *id.*, Dkt. 15-5, Ex. 4 (terminal disclaimer).

as it does here, PersonalWeb accused Amazon's S3 service. That case failed. After extensive discovery, and after the Texas court issued its claim construction order, PersonalWeb determined that it could not succeed and stipulated to a dismissal of its claims with prejudice. *Id.*, Dkt. 15-8, Ex. 7 (Order of Dismissal with Prejudice).

### C. PersonalWeb moved for consolidation of its duplicative cases as an MDL.

On February 27, 2017, PersonalWeb filed a motion before the United States Judicial Panel on Multidistrict Litigation ("MDL") to transfer its 54 remaining cases accusing Amazon technology—and a number of yet-to-be-filed "future tag-along cases"—to the Northern District of California for "coordinated and consolidated pretrial proceedings." *In re PersonalWeb Techs., LLC and Level 3 Comm'cns, LLC Pat. Litig.*, MDL No. 2834 (J.P.M.L., Feb. 27, 2018), Dkt. No. 1 at 1. Notably, PersonalWeb argued in its supporting brief that the complaints in all of its customer cases were "largely similar" and that the cases involved "overwhelmingly common questions of fact" with respect to infringement, invalidity, damages, and "the same legal claim construction issues," thus favoring proceeding in a single consolidated case in a single forum. *Id.*, Dkt. No. 1-1 at 1 n.1, 11-14.

## II. ARGUMENT

Federal Circuit law compels a stay of this action. The Federal Circuit has repeatedly held that declaratory judgment actions brought by the upstream manufacturer or supplier of accused technology—like Amazon's action in the Northern District of California—must be resolved before suits against downstream customers.[3] *Katz*, 909 F.2d at 1464. This is because upstream manufacturers or suppliers are the "true" defendants with the greatest interest in and ability to defend their own technology and their customers:

> At the root of the preference for a manufacturer's declaratory

---

Moreover, the '420 patent issued *before* PersonalWeb filed its amended complaint in its earlier action against Amazon and well before it dismissed its claims in that action with prejudice. *See id.*, Dkt. No. 1 at ¶ 21.

[3] Suits brought by manufacturers take precedence over customer suits as a matter of law, even where the customer suit is first-filed. *See In re Nintendo*, 756 F.3d at 1365 (customer suit doctrine is an "exception to the 'first-to-file' rule [which] exists to avoid, if possible, imposing the burdens of trial on the customer").

> judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit . . . it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.

*Id.* (quoting *Codex Corp. v. Milgo Elecs. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)). The rule is so well settled that the Federal Circuit has twice ordered the extraordinary writ of mandamus compelling the stay of downstream customer suits in favor of declaratory judgment suits brought by upstream suppliers. *In re Google*, 588 F. App'x 988 (Fed. Cir. 2014); *In re Nintendo*, 756 F.3d at 1363.

In *In re Google*, patent holders Rockstar Consortium U.S. LP and Mobilestar Technologies, LLC (collectively, "Rockstar") sued a number of mobile phone manufacturers in the Eastern District of Texas alleging patent infringement based on the use by Google's downstream customers of Google's Android operating system. 588 F. App'x at 989. Shortly thereafter, Google filed a complaint in the Northern District of California seeking a declaratory judgment of non-infringement so that it could remove any cloud of uncertainty over its operating system and its own branded mobile phones. *Id.* Rockstar responded by amending its customer complaints in Texas to add Google as a defendant and moving to dismiss or transfer the California actions. *Id.* The California district court denied that motion because Rockstar's allegations targeted Google's Android operating system, and the majority of the relevant discovery related to Rockstar's claims was in Northern California. *See id.*

Google and the phone manufacturers then moved to stay the customer suits in the Eastern District of Texas, which that court denied. *Id.* at 989–90. The Federal Circuit, however, issued a writ of mandamus directing the Eastern District of Texas to stay the customer suits, explaining that the "clear" inefficiency of having parallel proceedings involving the same patents and accused products presented a "classic case for a stay":

> Given these facts, it is *clear* that there was no need to proceed with the five Texas actions because the one California action may suffice. Such circumstances present a *classic case for a stay*: The only potential results of adjudicating these cases in parallel fashion would be the Texas and California courts agree on the major issues of the

> litigation, thus producing wasteful and unnecessary litigation, or the courts disagree, thus producing conflicting decisions.

*Id.* at 990 (emphasis added). The Federal Circuit found further that even though the customers allegedly modified the accused operating system and were not "mere resellers" of Google technology, the cases substantially overlapped, and "staying proceedings in Texas w[ould] likely further the[] objectives [of saving litigation resources] by mooting or at least advancing the 'major premises' being litigated in the Texas actions." *Id.* at 991 (quoting *Katz*, 909 F.3d at 1464). The Federal Circuit held that the Texas district court's refusal to stay the customer suits was "a clear abuse of discretion" because it "frustrate[d] the comity doctrine, requiring two federal district courts and the parties to expend resources to resolve substantially similar claims and issues." *Id.* at 991–92.

Like Rockstar in the *Google* case, PersonalWeb sued the wrong parties. Just as in *Google*, PersonalWeb is suing downstream customers of the accused technology—specifically, downstream customers because they store data in the accused Amazon S3 service. Just as in *Google*, Amazon sought a declaratory judgment to defend its customers and technology, and that action substantially—if not completely—overlaps with the customer suits.[4] And just as in *Google*, all of PersonalWeb's customer cases—including this one—must be stayed.

The Federal Circuit issued a similar mandate in *In re Nintendo of America, Inc.* There, Secure Axcess LLC sued retailers of Nintendo's video game systems for patent infringement. 756 F.3d at 1365. The district court denied a motion brought by Nintendo and its retailers to sever and stay claims against the retailer defendants and to allow Nintendo to defend its video game system against Secure Axcess's infringement claims in another court. In response to Nintendo's petition

---

[4] Just as it was irrelevant in *Google* that the Google customers modified the Google operating system, so too is it irrelevant that PersonalWeb maps some of the claim elements of the asserted claims to a combination of open source Ruby on Rails software with Amazon S3. Regardless of what language or architecture the accused websites were designed with, the allegedly infringing functionality of each accused website depends on the underlying functions of the Amazon S3 technology. Dkt. No. 1 at ¶¶ 21-22, 56, 74. The issues in Amazon's declaratory judgment action and this, and other customer, cases "significant[ly] overlap"—allowing the customer cases to proceed in parallel would be precisely the sort of waste of resources that Federal Circuit law forbids. *See In re Google*, 588 Fed.Appx. at 990-91.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

for a writ of mandamus, the Federal Circuit vacated the district court's denial and directed the district court to grant the motion. In so doing, the Federal Circuit noted that "Nintendo's liability is predicate to recovery from any of the defendants, [and thus] the case against Nintendo must proceed first, in any forum." *Id*. at 1366. Similarly, here, PersonalWeb has no claim against Atlassian unless it *first* proves that Amazon's technology provides or performs the limitations of the patent claims it asserts. Amazon's liability is thus "predicate to recovery from" Atlassian here. *Id*.

This authority, and principles of judicial efficiency, compel a stay of this case pending resolution of Amazon's declaratory judgment case. In Amazon's declaratory judgment action, the court will either (i) determine that PersonalWeb's claims against Amazon's customers are barred as a matter of law, which would compel dismissal of this suit and all other customer suits; (ii) find that Amazon's technology—and thus any use of that technology by Atlassian and other Amazon's customers—does not infringe, which would yield the same result; or (iii) find that Amazon infringed, and assess damages that would exhaust any separate claim for damages from Atlassian (and the other customers). Whatever the outcome, a stay would save substantial judicial and party resources and cause no prejudice to PersonalWeb as the asserted patents have all expired.

Even PersonalWeb concedes much of this logic. In seeking consolidation of both Amazon's case and its scores of identical customer suits into an MDL proceeding, PersonalWeb admitted that questions of claim construction, infringement, invalidity, and damages should be decided in a single case rather than in separate customer suits pending in district courts scattered throughout the country. *See In re PersonalWeb Techs.*, MDL Case No. 2834, Dkt. No. 1-1 at 10-14. That single case must be Amazon's declaratory judgment action, in which the Court may conclude that PersonalWeb's customer claims are precluded as a matter of law, not in MDL proceedings that will require more than 50 separate trials in different districts.[5] If the customer cases, including this one, are not stayed, the common issues cited by PersonalWeb will have to be decided by more than 50

---

[5] The statute governing multidistrict litigation allows for transfer to a district court for "coordinated or consolidated *pretrial* proceedings." 28 U.S.C. § 1407(a) (emphasis added). The ultimate issues of infringement and damages must still be tried separately.

separate juries.[6]  The only proceeding in which these common questions of fact can be efficiently resolved is Amazon's declaratory judgment action.  Amazon designed the technology PersonalWeb accuses and knows it best; it is best positioned to defend its technology and, having already litigated the same patents against PersonalWeb before, it knows why the asserted patents were never valid.  It would make no sense to require Atlassian, and scores of other Amazon customers, to litigate the same issues and defend technology they neither designed nor developed, particularly when doing so would require access to sources of proof outside of their custody or control.

District courts throughout the country routinely stay customer suits pending resolution of suits between patentees and manufacturers or suppliers for the same reasons and this Court should do so here.  See *Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 16-cv-00618, 2017 WL 365398, at *10 (E.D. Tex. Jan. 25, 2017) (staying more than 30 customer suits in Texas in favor of a single declaratory judgment suit filed by Amazon where stay would "vastly simplify the issues in question and trial of the case, and resolution of the single EDVa DJ action could singlehandedly resolve the 30 or more pending EDTx patent suits"); *WP Banquet, LLC v. Target Corp.*, No. 16–02082, 2016 WL 9450448, at *6 (C.D. Cal. Dec. 15, 2016) (citing "principles of judicial economy," severing and staying claims against retailer pending resolution of claims against manufacturer of allegedly infringing product); *Cellular Commc'ns Equip., LLC v. Apple Inc.*, No. 14-cv-251, 2016 WL 6884648, at *3 (E.D. Tex. Aug. 26, 2016) (severing and staying claims against cellular carriers pending resolution of claims against manufacturer of accused cellular phones); *Telebrands Corp. v. Nat'l Express, Inc.*, No. 12-6671, 2014 WL 4930897, at *6 (D.N.J. Oct. 2, 2014) (severing and staying claims against retailer defendants in favor of claims against manufacturers "in the interests of judicial economy and efficiency"); *Blue Spike, LLC v. Zeitera, LLC*, No. 14-cv-01648, 2014 WL

---

[6] In its brief in support of MDL consolidation, PersonalWeb also argues that consolidation as an MDL would be efficient because its "past licensing practices and prior valuations of the Patents-in-Suit will be relevant to the damages issues and discovery in each of these [customer] cases," and coordinating the cases would "eliminat[e] the need for duplicative and burdensome discovery." *In re PersonalWeb Techs.*, MDL Case No. 2834, Dkt. No. 1-1 at 13-14.  But saving PersonalWeb from producing discovery in cases that it chose to file does not advance the purpose of the customer suit doctrine, which exists to avoid "wasteful and unnecessary litigation" in duplicative customer cases when the same issues could be resolved—and resolved better—in a single case brought by the upstream supplier.  See *In re Google*, 588 F. App'x at 990.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

4310977, at *1 (N.D. Cal., Aug. 28, 2014) (granting stay as to customer, rejecting argument that accused customer product was "greater than the sum of its [supplier-provided] parts"); *Pragmatus Telecom, LLC v. Advanced Store Co.*, No. 12-088, 2012 WL 2803695, at *3-4 (D. Del. July 10, 2012) (granting customer-suit stay); *Select Retrieval, LLC v. ABT Elecs.*, No. 11 C 03752, 2013 WL 6576861, at *1 (N.D. Ill. Dec. 13, 2013) (granting customer-suit stay in favor of declaratory judgment action filed by supplier); *Select Retrieval, LLC v. L.L. Bean, Inc.*, No. 2:12–cv–00003, 2013 WL 1099754, at *1 (D. Me. Mar. 15, 2013) (same); *Capital Sec. Sys., Inc. v. NCR Corp.*, No. 14-cv-1516, 2015 WL 3819336, at *3 (N.D. Ga. Jun. 18, 2015) (customer suits "required to be stayed pending the resolution of the dispute between Plaintiff and [supplier]"); *Victaulic Co. v. Romar Supply, Inc.*, No. 13-cv-03788, 2015 WL 1257432, at *3 (N.D. Ga. Mar. 18, 2015) (same); *Collaborative Agreements, LLC v. Adobe Sys. Inc.*, No. 14-cv-356, 2015 WL 10818739, at *1, *5 (W.D. Tex. Aug. 21, 2015) (severing and staying claims against Adobe customers based on their use and incorporation of Adobe software pending resolution of claims against Adobe); *Del. Radio Techs., LLC v. Beasley Broad. Grp., Inc.*, No. 13-1813, Dkt. No. 27 (D. Del. Jan. 7, 2015) (granting stay of cases against broadcasters pending resolution of declaratory judgment action brought by maker of HD radio software accused of infringement).

## CONCLUSION

For the foregoing reasons, and in the interest of conserving both judicial and party resources, as well as compliance with controlling Federal Circuit law, Atlassian respectfully requests that the Court grant this motion to stay.

Respectfully submitted,

Dated:   March 23, 2018            FENWICK & WEST LLP

By: */s/ J. David Hadden*
    J. David Hadden
    Attorney for Defendant
    ATLASSIAN, INC.