```
 1                IN THE UNITED STATES DISTRICT COURT

 2             FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                        SAN JOSE DIVISION

 4
       AMAZON.COM, INC. ET AL,        )  CV-18-00767-BLF
 5                                     )
                      PLAINTIFF,       )  SAN JOSE, CALIFORNIA
 6                                     )
                  VS.                  )  APRIL 27, 2018
 7                                     )
       PERSONAL WEB TECHNOLOGIES, LLC  )  PAGES 1-48
 8     ET AL,                          )
                                       )
 9                    DEFENDANT.       )
                                       )
10     _____

11                  TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE BETH LABSON FREEMAN
12                UNITED STATES DISTRICT JUDGE

13                  A P P E A R A N C E S

14

15       FOR THE PLAINTIFF:     BY:  MICHAEL SHERMAN
                                     SANDEEP SETH
16                                   WESLEY MONROE
                                STUBBS ALDERTON MARKILES, LLP
17                              15260 VENTURA BLVD., 20TH FLOOR
                                SHERMAN OAKS, CA 91403
18

19       FOR THE DEFENDANT:     BY:  J. DAVID HADDEN
         AMAZON                      PHILLIP HAACK
20                                   SAINA SHAMILOV
                                FENWICK & WEST LLP
21                              SILICON VALLEY CENTER
                                801 CALIFORNIA STREET
22                              MOUNTAIN VIEW, CA 94041

23       OFFICIAL COURT REPORTER:    SUMMER FISHER, CSR, CRR
                                     CERTIFICATE NUMBER 13185
24

25            PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
               TRANSCRIPT PRODUCED WITH COMPUTER
```

| | |
|---|---|
| 1 | SAN JOSE, CALIFORNIA                    APRIL 27, 2018 |
| 2 | P R O C E E D I N G S |
| 3 | (COURT CONVENED AT 9:57 A.M.) |
| 09:57:03  4 | THE CLERK:  CALLING LOWEST CASE 18-0154.  PERSONAL |
| 09:57:09  5 | WEB VERSUS ATLASSIAN, AND ALL PERSONAL WEB CASES SCHEDULED. |
| 09:57:27  6 | MR. SHERMAN:  GOOD MORNING, YOUR HONOR. |
| 09:57:28  7 | MICHAEL SHERMAN, STUBBS, ALDERTON, MARKILES.  I REPRESENT |
| 09:57:35  8 | THE PERSONAL WEB AND LEVEL 3 IN THOSE CASES THAT THEY FILED, AS |
| 09:57:41  9 | WELL AS I AM REPRESENTING THEM IN THEIR CAPACITY AS DEFENDANTS |
| 09:57:45 10 | IN THE CASE FILED. |
| 09:57:47 11 | I HAVE WITH ME MY COLLEAGUES, SANDEEP SETH AND |
| 09:57:51 12 | MR. WESLEY MONROE. |
| 09:57:59 13 | MR. HADDEN:  GOOD MORNING, YOUR HONOR. |
| 09:58:00 14 | DAVE HADDEN FOR AMAZON AND CUSTOMER DEFENDANTS.  I HAVE |
| 09:58:03 15 | WITH ME SAINA SHAMILOV AND PHIL HAACK. |
| 09:58:07 16 | THE COURT:  GOOD MORNING.  GOOD MORNING TO EVERYONE. |
| 09:58:13 17 | SO MY DOCKET EXPLODES EVERY DAY WHENEVER YOU TAKE A |
| 09:58:19 18 | BREATH, BECAUSE YOU TAKE A BREATH FIFTEEN TIMES BEFORE YOU CAN |
| 09:58:22 19 | DO ANYTHING. |
| 09:58:25 20 | AND CLEARLY, THIS MOTION IS, THE PRELIMINARY INJUNCTION OR |
| 09:58:29 21 | THE MOTION TO STAY, WHICHEVER SIDE WE ARE ON, IS AN ATTEMPT TO |
| 09:58:37 22 | BRING SOME ORDER TO WHAT IS OTHERWISE A LITTLE BIT OF CHAOS. |
| 09:58:42 23 | BUT LET ME START WITH WHAT I ASKED YOU TO BE PREPARED TO |
| 09:58:45 24 | DISCUSS.  I HAVE ABOUT 30 CASES IN ALL THAT PERSONAL WEB HAS |
| 09:58:48 25 | FILED AGAINST INDIVIDUAL DEFENDANTS, PLUS THE AMAZON CASE.  AND |

```
09:58:56   1        SO NOT ALL OF THE CASES ARE BEFORE ME TODAY, CORRECT?
09:59:01   2               MR. SHERMAN:  I BELIEVE THAT'S BECAUSE, FOR WHATEVER
09:59:03   3    REASON, MOTIONS FOR STAY WEREN'T FILED IN THOSE CASES, PERHAPS.
09:59:07   4               THE COURT:  RIGHT.
09:59:07   5               MR. SHERMAN:  I CAN'T THINK OF ANOTHER REASON.
09:59:09   6               MR. HADDEN:  THERE ARE CASES IN OTHER JURISDICTIONS,
09:59:12   7    YOUR HONOR.
09:59:12   8               THE COURT:  NO, I JUST MEAN THE 30 BEFORE ME, NOT ALL
09:59:15   9    OF THOSE CASES ARE FILING MOTIONS TO STAY RIGHT NOW.
09:59:18  10               MR. HADDEN:  CORRECT.  I THINK SOME OF THE DEFENDANTS
09:59:20  11    HAVE NOT BEEN SERVED, YOUR HONOR.
09:59:22  12               THE COURT:  THAT COULD BE.  OKAY.  AND THAT'S FINE.
09:59:25  13          SO I KNOW THAT YOU ARE GOING TO THE MDL COMMITTEE AT THE
09:59:29  14    END OF MAY.  AND I'M NOT ACTUALLY FAMILIAR WITH PATENT MDL'S, I
09:59:34  15    DON'T KNOW WHETHER YOU ARE.
09:59:35  16               MR. SHERMAN:  YOUR HONOR, INTERESTINGLY, THE *NATIONAL*
09:59:39  17    *LAW JOURNAL* HAD AN ARTICLE, I THINK APPROXIMATELY FOUR OR
09:59:43  18    FIVE WEEKS AGO SAYING, YOU KNOW, HEADLINE, THERE MAY BE MDL'S
09:59:50  19    IN PATENT CASES FOLLOWING TC HEARTLAND.
09:59:54  20               THE COURT:  YEAH.
09:59:55  21               MR. SHERMAN:  AND THE REPORTER WHO WROTE THIS ARTICLE
09:59:59  22    ABOUT THIS POTENTIALLY NEW DEVELOPMENT, AND THERE ARE SEVERAL
10:00:03  23    CASES, IT WAS REPORTED, BEFORE THE MDL PANEL NOW.
10:00:08  24          AND AS I'M SURE COUNSEL WOULD AGREE, ONE OF THE PRIMARY
10:00:13  25    ISSUES THERE IS GOING TO BE THE LEVEL OF COMMONALITY.  I MEAN,
```

10:00:18  1    THE ISSUE OF EFFICIENCY, I THINK IS FOREGONE, IF THERE'S

10:00:23  2    COMMONALITY.

10:00:25  3        SO WHAT HAD HAPPENED, IF I MAY, WAS IN EARLY JANUARY, MY

10:00:34  4    CLIENTS FILED PATENT CASES, PATENT LITIGATION CASES IN THE

10:00:40  5    NORTHERN DISTRICT, IN THE EASTERN DISTRICT OF TEXAS, IN

10:00:44  6    DELAWARE, IN THE SOUTHERN DISTRICT OF NEW YORK, AND THE EASTERN

10:00:47  7    DISTRICT OF NEW YORK, IN THE CENTRAL DISTRICT OF CALIFORNIA,

10:00:51  8    AND THERE ARE MORE CASES TO BE FILED BECAUSE MY CLIENT'S

10:01:01  9    PATENTS, WE BELIEVE, ARE BEING INFRINGED, OKAY.

10:01:05  10        AND AMAZON THEN FILED ITS DJ ACTION IN EARLY FEBRUARY.  WE

10:01:12  11    HAD BEEN WORKING ON AN MDL MOTION, AND THERE'S A LOT OF

10:01:17  12    PAPERWORK TO PUT TOGETHER WITH RESPECT TO THOSE MOTIONS.

10:01:22  13            THE COURT:  OF COURSE.

10:01:22  14            MR. SHERMAN:  AND THEN THE NEXT THING THAT HAD

10:01:24  15    HAPPENED WAS WE WERE SERVED WITH AMAZON'S PRELIMINARY

10:01:28  16    INJUNCTION MOTION THAT WE ARE HERE ON THIS MORNING.

10:01:31  17        WHEN I SAW THE PAPERS, I REALIZED, OH MY GOODNESS, WE GOT

10:01:36  18    A QUICK RETURN DATE ON THIS PI MOTION, AND THERE'S A LOT OF

10:01:39  19    WORK TO BE DONE.

10:01:42  20        AND SO ONE'S FIRST INSTINCT, OF COURSE, IS TO CALL

10:01:47  21    OPPOSING COUNSEL, AND WE HAD A VERY PLEASANT CONVERSATION, AND

10:01:49  22    I SAID MR. HADDEN, I NEED SOME MORE TIME, AND HE WAS GRACIOUS

10:01:53  23    ABOUT IT.

10:01:54  24        AND I SAID, BY THE WAY, WE ARE FILING OUR MDL MOTION THE

10:01:58  25    NEXT DAY OR TWO OR THREE, WHY DON'T WE TRY TO DO THIS IN SOME

10:02:04  1    STAGED OR EFFICIENT WAY, WE DON'T THINK YOU ARE RIGHT ON THE PI

10:02:09  2    MOTION, YOU THINK YOU ARE RIGHT ON THE PI MOTION.

10:02:12  3        BUT ULTIMATELY, AT THE END OF THE DAY, ESPECIALLY SINCE

10:02:17  4    YOU AGREE WITH US, THIS IS ALL COMMON.  WHY DON'T WE GET BEFORE

10:02:22  5    THE MDL PANEL SO WE CAN BRING SOME EFFICIENCY TO THIS PROCESS

10:02:26  6    AND NOT HAVE TO DEAL WITH MULTIPLE JUDGES.

10:02:29  7        BY THE WAY, YOUR HONOR WAS SELECTED BY US AS A

10:02:34  8    RECOMMENDATION TO THE MDL PANEL.  CONGRATULATIONS.

10:02:38  9            THE COURT:  THAT'S A BACKHANDED COMPLIMENT, IF EVER I

10:02:42  10    HEARD ONE.

10:02:42  11            MR. SHERMAN:  SO THE DISCUSSION THAT ENSUED WAS, HAVE

10:02:48  12    THE PI MOTION GO FORWARD AFTER THE MDL.

10:02:51  13            THE COURT:  SO WHAT'S INTERESTING TO ME ON THIS,

10:02:54  14    MR. SHERMAN, IS IF I WERE TO GRANT THE PI MOTION, I DON'T THINK

10:02:59  15    THERE WOULD BE ANY NEED FOR AN MDL.

10:03:01  16        AND SO THEN I'M IN THIS, WELL, BECAUSE THEN I'VE STAYED

10:03:07  17    ALL CASES YOU HAVE BROUGHT, OR COULD BRING UNTIL I RESOLVE THE

10:03:12  18    AMAZON ISSUES.  AND THERE'S NO REASON FOR AN MDL.

10:03:16  19        AND I'M NOT SUGGESTING THAT THE MDL COMMITTEE WOULDN'T SEE

10:03:19  20    IT DIFFERENTLY, YOU MIGHT STILL WANT TO BRING THEM ALL TO ME SO

10:03:24  21    THAT I COULD SUPERVISE THE RESOLUTION OF THE DISPUTE.  AND I

10:03:27  22    NEVER HAVE A POSITION ON WHETHER IT SHOULD BE AN MDL OR NOT.

10:03:31  23    BUT I KNOW THAT THE MDL COMMITTEE GENERALLY ADVISES JUDGES TO

10:03:39  24    WHO THESE INDIVIDUAL CASES TO CONTINUE AND HEAR AND DECIDE

10:03:41  25    MATTERS IN THE NORMAL COURSE AND PAY NO ATTENTION TO THE MDL

10:03:45  1      HEARING SCHEDULE.  AND I RESPECT THAT.

10:03:48  2           AND YET, MANY JUDGES STAY CASES PENDING THAT DECISION.

10:03:54  3           MR. SHERMAN:  WE'VE DONE THAT IN NEW YORK, FOR

10:03:57  4      EXAMPLE, AND IN THE EASTERN DISTRICT OF TEXAS, FOR EXAMPLE.

10:04:00  5           THE COURT:  RIGHT.

10:04:00  6           MR. SHERMAN:  AND SO THE POINT IS WHETHER IT WAS WITH

10:04:02  7      THE FENWICK AND WREST OFFICE, BECAUSE THEY'VE APPEARED ON

10:04:05  8      BEHALF OF MANY DEFENDANTS ALL OVER THE PLACE, OR WITH OTHER

10:04:08  9      COUNSEL IN THOSE FEW INSTANCES, WE'VE GOTTEN TO THE POINT, I

10:04:16 10      BELIEVE.

10:04:16 11           AND BY THE WAY, YOUR HONOR, IF THERE ARE TECHNICAL

10:04:19 12      QUESTIONS THAT ARISE, I MAY HAVE TO ASK ONE OF MY COLLEAGUES TO

10:04:23 13      JUMP IN.  I HOPE YOUR HONOR DOESN'T MIND.

10:04:25 14           THE COURT:  YOU KNOW WHAT, I WOULD MUCH RATHER HEAR

10:04:31 15      ONCE FROM THE PERSON WHO CAN ANSWER THE QUESTION THAN ONCE FROM

10:04:36 16      THE PERSON WHO CAN'T AND THEN FROM THE ONE WHO CAN.  I WELCOME

10:04:39 17      THAT.

10:04:39 18           MR. SHERMAN:  OKAY.  THANK YOU.

10:04:40 19           SO WE ARE NOT AVERSE TO HEARING WHAT OTHER TRIBUNALS MIGHT

10:04:48 20      HAVE TO SAY ON THE ISSUE OF EFFICIENCY AND ECONOMY BEFORE

10:04:53 21      HURDLING IN.

10:04:54 22           YOUR HONOR DID MAKE THE OBSERVATION THAT, WELL FROM AN

10:04:58 23      EFFICIENCY STANDPOINT, IF THE PI MOTION WERE GRANTED, MAYBE

10:05:04 24      THAT'S THE MOST EFFICIENT THING AND THERE WOULDN'T EVEN NEED TO

10:05:07 25      BE --

10:05:08  1          THE COURT:  WELL, IT'S NOT INEFFICIENT, IT JUST NEEDS

10:05:11  2    TO BE CORRECT.

10:05:12  3          MR. SHERMAN:  I UNDERSTAND.

10:05:13  4      PUNISHING SAUDI ARABIA, THEY PUNISH PEOPLE FOR JAY WALKING

10:05:16  5    BY CAPITAL PUNISHMENT, SO THERE'S NO JAY WALKING.  SO BY

10:05:20  6    ANALOGY, I'M SUGGESTING THAT WE HAVE SOME VERY GOOD REASONS WHY

10:05:24  7    SUBSTANTIVELY, MERITS-WISE, THE PI MOTION OUGHT NOT BE GRANTED.

10:05:28  8          PERHAPS ONE OF THE MORE IMPORTANT ONES BEING THE DATATERN

10:05:36  9    DECISION OUT OF THE FEDERAL CIRCUIT REQUIRES A CASE -- WELL,

10:05:39  10   THE ARTICLE III AND THE DATATERN DECISION REQUIRES A CASE FOR

10:05:43  11   CONTROVERSY.

10:05:44  12         AND SINCE PERSONAL WEB LEVEL 3 HAVE NOT FILED A COMPLAINT

10:05:50  13   AGAINST AMAZON ALLEGING DIRECT INFRINGEMENT BY AMAZON, AMAZON

10:05:55  14   COULD, IF IT SO CHOSE, SEEK TO INTERVENE IN THOSE ACTIONS, AND

10:06:01  15   THEY'VE ALREADY FILED A BRIEF BEFORE THE MDL PANEL.

10:06:07  16         YOUR HONOR HAD REMARKED IN AN EARLIER MATTER ABOUT THE

10:06:10  17   NEEDLESS PROLIFERATION OF LITIGATION, AND I COULDN'T AGREE

10:06:15  18   MORE, WHICH IS WHY EITHER THE MDL PANEL IS GOING TO ACKNOWLEDGE

10:06:21  19   THE FACT THAT THERE'S A LOT OF COMMONALITY HERE ON ISSUES SUCH

10:06:25  20   AS THE USE OF THE RUBY ON RAILS ARCHITECTURE THAT WE ALLEGE IN

10:06:30  21   CONJUNCTION WITH THE INDIVIDUAL DEFENDANT'S CONTROL OVER ETAGS,

10:06:36  22   IS THE THEORY OF INFRINGEMENT, OR THEY ARE GOING TO SAY, NO,

10:06:41  23   LET'S JUST HAVE 55 CASES.

10:06:43  24         THE COURT:  THE MDL ISSUE, AND YOU KNOW MORE ABOUT

10:06:46  25    THIS THAN I DO, THE AMERICAN INVENTS ACT ELIMINATED THE

10:06:51  1      OPPORTUNITY FOR A PLAINTIFF TO SUE MULTIPLE DEFENDANTS IN A

10:06:54  2      SINGLE CASE.

10:06:55  3              MR. SHERMAN:  THAT'S RIGHT.

10:06:56  4              THE COURT:  OKAY.  SO NOW HERE WE ARE GOING TO AN

10:06:59  5      MDL, ISN'T THAT A BACK DOOR WAY AROUND THE AI A?

10:07:02  6              MR. SHERMAN:  WELL, YOU KNOW, I DON'T BELIEVE --

10:07:06  7              THE COURT:  IS THAT A YES?

10:07:07  8              MR. SHERMAN:  NO, IT'S NOT A YES, BECAUSE CONGRESS,

10:07:10  9      IN ITS WISDOM, DECIDED THAT IT DIDN'T WANT TO HAVE A WHOLE

10:07:15  10     BUNCH OF FOLKS GOING TO THE EASTERN DISTRICT OF TEXAS, OR WHAT

10:07:19  11     WE WILL CALL PLAINTIFF-FRIENDLY JURISDICTIONS, AND SO THEY

10:07:22  12     DIDN'T WANT THAT KIND OF RAMPANT VENUE FORUM SHOPPING.

10:07:30  13          AND YET, YOU KNOW, AMAZON, IT'S PAPERS EXCORIATES US FROM

10:07:36  14     FILING A LOT OF LAWSUITS.  WELL, YOU CAN'T HAVE IT BOTH WAYS.

10:07:40  15              THE COURT:  SO THAT'S NOT MY CONCERN.  YOU CAN FILE

10:07:42  16     AS MANY LAWSUITS AS YOU WANT.  AND YOU HAVE TO DO EACH ONE

10:07:47  17     SEPARATELY, AND THEN HERE -- BUT AGAIN, THE MDL COMMITTEE WILL

10:07:51  18     HAVE TO GRAPPLE WITH THAT ISSUE AND IT MAY OR MAY NOT BE A

10:07:54  19     CONCERN OF THE PARTIES.

10:07:56  20          WHAT I'M LOOKING AT HERE, AND I'M NOT SURE WHETHER I WOULD

10:08:00  21     STAY THIS ACTION JUST UNTIL THE MDL RULES, I'M LESS INCLINED TO

10:08:06  22     DO THAT SINCE I HAVE SO MANY OF THEM, THAT, YOU KNOW, IF I HAD

10:08:09  23     ONE CASE, I WOULDN'T WANT TO BE THE LONE PERSON WANDERING IN

10:08:14  24     THE DESSERT OUT THERE BEYOND ANYONE ELSE, BUT I HAVE THE

10:08:19  25     OVERWHELMING MAJORITY OF THE FILED CASES, SO I THINK I NEED TO

10:08:22  1    MOVE FORWARD.

10:08:23  2        OKAY.  THE OTHER THING I WANT TO MOVE INTO IS I HAVE TWO

10:08:29  3    SIDES OF A COIN.  I'M ASKED TO EITHER GRANT A PRELIMINARY

10:08:34  4    INJUNCTION ON BEHALF OF AMAZON TO ENJOIN PERSONAL WEB FROM

10:08:42  5    PURSUING ANY OF, WE WILL CALL THEM CUSTOMER CASES, UNTIL THE

10:08:47  6    DECLARATORY RELIEF ACTION IS CONCLUDED.  SO THAT WOULD HAVE

10:08:51  7    SCOPE BEYOND THE CASES I HAVE.

10:08:52  8        OR IN THE ALTERNATIVE, SEPARATE MOTION BY THE INDIVIDUAL

10:08:57  9    DEFENDANTS TO STAY THE CASE PENDING CONCLUSION.

10:09:01  10       YOU'VE BRIEFED IT AND INTERCHANGED THE WORDS, AND I KNOW

10:09:04  11   YOU ARE JUST GIVING ME ALTERNATIVES, AND I REALLY APPRECIATE

10:09:08  12   THAT.  I AM MORE INCLINED TO STAY THE CASES ON AN INDIVIDUAL

10:09:14  13   BASIS AND THEN SUA SPONTE STAY, ISSUE AN ORDER TO SHOW CAUSE

10:09:19  14   WHY I SHOULDN'T STAY THE REMAINDER OF THEM.

10:09:21  15       I KNOW I DON'T HAVE, IF THERE'S NO SERVICE I HAVE TO WAIT

10:09:25  16   ON THAT, BECAUSE I THINK THAT MIGHT BE A MORE PRUDENT WAY TO

10:09:30  17   PROCEED.

10:09:32  18       SO LET'S GET INTO THE SUBSTANCE HERE NOW.

10:09:34  19           MR. SHERMAN:  MAY I GET MY NOTES AT COUNSEL TABLE?

10:09:36  20           THE COURT:  SURE.

10:09:37  21           MR. HADDEN:  IF WE ARE GOING TO ARGUE, IT'S OUR

10:09:39  22   MOTION, CAN I ARGUE, YOUR HONOR?

10:09:40  23           THE COURT:  SO I'M GOING TO MENTION A FEW ISSUES AND

10:09:42  24   THEN I WANT TO HEAR FROM YOU.

10:09:43  25           MR. HADDEN:  SURE.  THANK YOU, YOUR HONOR.

10:09:44   1        THE COURT:  AND THIS COURTROOM, I'M STRUGGLING TO GET

10:09:47   2   THE SOUND SYSTEM RIGHT.  I'M NORMALLY IN A SMALLER COURTROOM.

10:09:50   3   SO I NEED YOU RIGHT THERE, AND I'M SORRY YOU HAVE TO BE THERE.

10:10:00   4        MY VIEW OF THE PAPERS IS THAT I AGREE WITH MR. HADDEN THAT

10:10:03   5   THE AMAZON CASE SHOULD GO FORWARD TO RESOLUTION.  AND I WILL

10:10:09   6   SAY THAT I SPENT QUITE A BIT OF TIME, MR. SHERMAN, READING THE

10:10:14   7   COMPLAINT AND READING THE EXPERT REPORTS THAT YOU PROVIDED,

10:10:19   8   BECAUSE ON THE PRELIMINARY INJUNCTION, OF COURSE YOU NEEDED

10:10:21   9   EVIDENCE.

10:10:23  10        AND I AM NOT SATISFIED THAT YOU HAVE ADEQUATELY ALLEGED

10:10:27  11   THE ROLE THAT RUBY ON RAILS PLAYS, OR THAT YOU EVEN CAN BASED

10:10:36  12   ON DR. RUSS'S REPORT OR DECLARATION, I SUPPOSE.  AND THAT WOULD

10:10:43  13   BE MADE CLEAR TO ME IN INFRINGEMENT CONTENTIONS.

10:10:47  14        BUT WHAT DOES SEEM CLEAR IS THAT THE PRELIMINARY

10:10:53  15   INJUNCTION MOTION DOES MAKE CLEAR THAT A SUBSTANTIAL, IF NOT

10:11:01  16   ALL OF THE ISSUES PRESENTED, OVERLAP AND CAN BE DETERMINED,

10:11:09  17   BECAUSE WHAT -- IT APPEARS WHAT AMAZON IS ASKING FOR IN

10:11:14  18   DECLARATORY RELIEF IS A FINDING THAT NEITHER S3 OR THE TOOL KIT

10:11:19  19   TO CUSTOMERS THAT SHOWS HOW TO USE RUBY ON RAILS INFRINGES.

10:11:28  20        AND IT DOESN'T HAVE TO BE COMPLETE OVERLAP, IT DOESN'T

10:11:33  21   HAVE TO COMPLETELY RESOLVE THE CASE FOR ME TO ENJOIN OR STAY

10:11:37  22   BASED ON THE CUSTOMER EXCEPTIONS.

10:11:40  23        SO I'M INCLINED TO DO THAT.  AND I DON'T SEE -- I MEAN,

10:11:45  24   CERTAINLY EITHER WITH A PRELIMINARY INJUNCTION OR WITH A STAY,

10:11:52  25   IF YOU WERE TO ADEQUATELY ALLEGE DIFFERENTLY IN YOUR

10:11:55  1      INFRINGEMENT CONTENTIONS, THAT WOULD BE GROUNDS TO EITHER

10:11:59  2      MODIFY OR LIFT THE PRELIMINARY INJUNCTION OR LIFT THE STAY.

10:12:01  3              AND SO THIS IS, YOU KNOW, IN A SENSE, I'M GOING TO GIVE

10:12:04  4      YOU THE KEYS TO THE JAI HOUSE DOOR HERE IN LOCKING UP YOUR CASE

10:12:09  5      TO MAKE THOSE PLEADINGS.

10:12:11  6              BUT YOU BARELY MENTION RUBY ON RAILS.  YOU DON'T MAP IT ON

10:12:17  7      TO THE CLAIMED ELEMENTS AT ALL.  IT'S NOT EVEN CLEAR THAT IT

10:12:21  8      MAPS ON TO ALL OF THE CLAIMS THAT YOU'VE ASSERTED.

10:12:24  9              IT'S NOT EVEN CLEAR TO ME WHAT CLAIMS YOU ARE ASSERTING OR

10:12:29 10      HOW THIS -- I MEAN, THE COMPLAINT IS FINE AS FAR AS I'M

10:12:33 11      CONCERNED.

10:12:34 12              I MEAN, I KNOW WE USED TO DO A MUCH HIGHER LEVEL

10:12:38 13      COMPLAINT.  I'M NOT ASKING FOR AN AMENDMENT TO THE COMPLAINT,

10:12:41 14      AND MAYBE THERE WILL BE A MOTION TO DISMISS ON THAT VERY BASIS,

10:12:45 15      I'M NOT DECIDING THAT NOW, BUT THAT'S NOT MY CONCERN HERE.

10:12:48 16              I REALLY WANT TO SEE INFRINGEMENT CONTENTIONS WHERE YOU

10:12:49 17      HAVE TO ACTUALLY MAP IT.

10:12:51 18              MR. SHERMAN:  YOUR HONOR, IF I MAY, I OBVIOUSLY HAVE

10:12:54 19       A BIT OF THE LABORING ORE HERE.

10:13:02 20              YOUR HONOR INDICATED THAT THERE WAS CONSIDERATION OF THE

10:13:06 21      EXPERT REPORTS, AND I APPRECIATE THAT.  AND I'M NOT EXACTLY

10:13:13 22      SURE WHICH MOTION NOW WE ARE TALKING ABOUT.

10:13:17 23              THE COURT:  WELL, THEY AREN'T PARTICULARLY DIFFERENT

10:13:19 24       FROM EACH OTHER, ALTHOUGH THE EVIDENCE IS ONLY, I THINK,

10:13:23 25       SUBMITTED.

10:13:24  1        MR. HADDEN:  IN THE PRELIMINARY INJUNCTION.

10:13:28  2        THE COURT:  IN THE PRELIMINARY INJUNCTION.

10:13:29  3        MR. HADDEN:  YES, YOUR HONOR.

10:13:29  4        MR. SHERMAN:  THE REASON I MENTION THAT, YOUR HONOR,

10:13:31  5  IS THIS, I DO BELIEVE THAT THERE MAY BE SOME ELEMENT OF CART

10:13:39  6  BEFORE HORSE.

10:13:40  7        THE COURT:  OKAY.

10:13:41  8        MR. SHERMAN:  OKAY.  AND I TALK ABOUT CART BEFORE

10:13:43  9  HORSE BECAUSE, AND I ALLUDED TO THIS IN THE DATATERN FEDERAL

10:13:50 10  CIRCUIT DECISION, THIS IS WHAT THE COURT SAID, TO THE EXTENT

10:13:57 11  THAT APPELLEES ARGUE THAT THEY HAVE A RIGHT TO BRING THE DJ

10:14:04 12  ACTION SOLELY BECAUSE THEIR CUSTOMERS HAVE BEEN SUED FOR DIRECT

10:14:07 13  INFRINGEMENT, THEY ARE INCORRECT.

10:14:10 14      DATATERN HAS ACCUSED CUSTOMERS USING APPELLEE'S SOFTWARE

10:14:14 15  PACKAGES OF INFRINGING THE ASSERTED METHOD CLAIMS, BUT THERE

10:14:18 16  ARE NO ARGUMENTS THAT THERE'S A CASE FOR CONTROVERSY BETWEEN

10:14:20 17  DATATERN AND APPELLEES ON DIRECT INFRINGEMENT.

10:14:25 18      AND THAT ISSUE OF AMAZON'S CLAIM THAT WELL, SINCE WE ARE

10:14:37 19  INDEMNIFYING, THAT TAKES CARE OF IT ALL, AND WE HAVE STANDING

10:14:40 20  TO BE HERE, I BELIEVE -- AND ONCE YOUR HONOR DEALS WITH THE

10:14:50 21  12(B) MOTION TO DISMISS --

10:14:51 22        THE COURT:  OKAY.  SO MAYBE YOU JUST ANSWERED THE

10:14:53 23  QUESTION THAT WAS IN MY MIND AS YOU WERE SPEAKING.  WHERE DID

10:14:55 24  YOU BRIEF THAT?

10:14:56 25        MR. SHERMAN:  EXACTLY.  YOUR HONOR, THAT'S NOT SET

| | | |
|---|---|---|
| 10:14:59 | 1 | FOR HEARING UNTIL -- |
| 10:15:00 | 2 | THE COURT:  OKAY.  SO I DON'T WANT TO HEAR ABOUT |
| 10:15:03 | 3 | DATATERN TODAY. |
| 10:15:04 | 4 | MR. SHERMAN:  BUT I BELIEVE IT'S -- |
| 10:15:05 | 5 | THE COURT:  YOU HAD THE OPPORTUNITY TO BRIEF THAT. |
| 10:15:06 | 6 | I'M NOT GOING TO -- |
| 10:15:08 | 7 | MR. SHERMAN:  YOUR HONOR, WE REFERENCED THAT IN OUR |
| 10:15:09 | 8 | PAPERS AND I -- |
| 10:15:11 | 9 | THE COURT:  OKAY.  INCORPORATION BY REFERENCE IS A |
| 10:15:14 | 10 | PHRASE THAT'S WASTED.  I DON'T LOOK AT OTHER PAPERS. |
| 10:15:16 | 11 | MR. SHERMAN:  I DID NOT SAY IT WAS AN INCORPORATION |
| 10:15:19 | 12 | BY REFERENCE, YOUR HONOR. |
| 10:15:20 | 13 | THE COURT:  I DON'T SEE A CITATION TO DATATERN. |
| 10:15:35 | 14 | WELL, IN YOUR OPPOSITION TO THE MOTION TO STAY, THERE'S NO |
| 10:15:39 | 15 | TABLE BECAUSE IT'S NOT LONG ENOUGH, AND IN YOUR OPPOSITION TO |
| 10:15:43 | 16 | THE PRELIMINARY INJUNCTION, YOU DIDN'T ADDRESS THAT ISSUE. |
| 10:15:47 | 17 | MR. HADDEN, AM I MISSING SOMETHING? |
| 10:15:48 | 18 | MR. HADDEN:  NO.  YOU ARE NOT, YOUR HONOR. |
| 10:15:51 | 19 | MR. SHERMAN:  I DO REFERENCE IT. |
| 10:15:53 | 20 | THE COURT:  WHERE? |
| 10:15:54 | 21 | MR. SHERMAN:  I REFERENCE IT IN OUR OPPOSITION ON |
| 10:15:56 | 22 | PAGE 3 AT LINE 19. |
| 10:15:57 | 23 | THE COURT:  WHICH BRIEF ARE YOU LOOKING AT? |
| 10:15:59 | 24 | MR. SHERMAN:  I'M LOOKING AT DOCUMENT 37, THE |
| 10:16:02 | 25 | OPPOSITION TO PLAINTIFF'S CORRECTED MOTION TO ENJOIN DEFENDANTS |

10:16:06  1          FROM LITIGATING --

10:16:08  2                   THE COURT:  AND WHICH PAGE ARE YOU ON?

10:16:10  3                   MR. SHERMAN:  YOUR HONOR, I AM ON PAGE 3, LINE 19,

10:16:18  4          THROUGH PAGE 4, LINE 5.

10:16:19  5                   THE COURT:  OKAY.  THERE IT IS.

10:17:13  6                   MR. HADDEN:  I COULD RESPOND TO DATATERN IF YOU WOULD

10:17:16  7          LIKE, YOUR HONOR.

10:17:17  8             MR. SHERMAN RAISED THIS DATATERN ISSUE AFTER WE FILED OUR

10:17:22  9          COMPLAINT.  AND WE FILED AN AMENDED COMPLAINT EXPLICITLY

10:17:27 10          ADDRESSING HIS CLAIM THAT THERE WAS NO JURISDICTION UNDER

10:17:29 11          DATATERN.

10:17:30 12             FIRST, WE DISAGREE WITH THAT.  IN DATATERN, THERE WAS DJ

10:17:36 13          ACTION FILED BY MICROSOFT WITH RESPECT TO SOME PATENTS, AND I

10:17:38 14          THINK THE OTHER ONE WAS BY SAP.

10:17:40 15             AND THE FEDERAL CIRCUIT FOUND THAT FOR ALL BUT I THINK ONE

10:17:46 16          MICROSOFT CLAIM, THERE WAS JURISDICTION, BECAUSE THE

10:17:50 17          INFRINGEMENT CONTENTIONS EXPLICITLY CITED THE DOCUMENTS OF THE

10:17:54 18          SUPPLIER COMPANY, SAP OR MICROSOFT.

10:17:57 19             SO THAT, ALONE, WAS ENOUGH TO CREATE THE CASE OF

10:17:59 20          CONTROVERSY IMPLICITLY BETWEEN MICROSOFT AND THE PATENT.

10:18:03 21                   THE COURT:  AND SO IN THIS CASE, THE COMPLAINT

10:18:06 22          ALLEGES S3 HAS A SIGNIFICANT --

10:18:10 23                   MR. HADDEN:  ALL OVER THE PLACE.  AND IF I GET TO MY

10:18:13 24          PRESENTATION, YOUR HONOR, I WILL EXPLAIN THAT TO THE COURT IN

10:18:15 25          DETAIL.

10:18:16  1        THE OTHER POINT IN <u>DATATERN</u> IS THERE WAS AN INDEPENDENT

10:18:19  2   BASIS THAT THE COURT SAID EITHER THERE IS THIS KIND OF IMPLICIT

10:18:23  3   ALLEGATION AGAINST THE TECHNOLOGY SUPPLIER, OR IF THE

10:18:28  4   TECHNOLOGY SUPPLIER HAS AN INDEMNITY OBLIGATION, THAT, ALONE,

10:18:33  5   CREATES STANDING.

10:18:34  6        SO WE HAVE AN INDEMNITY OBLIGATION.

10:18:36  7        THE COURT:  SO THAT WOULD OPEN THE DOOR FOR YOU TO

10:18:38  8    INTERVENE AS AN ALTERNATIVE.

10:18:39  9        MR. HADDEN:  AS AN ALTERNATIVE.

10:18:40  10       BUT YOU DON'T HAVE TO INTERVENE IN 50 CASES, AND IT

10:18:44  11  DOESN'T MAKE A LOT OF SENSE.  SO WE AMENDED OUR COMPLAINT TO

10:18:48  12  EXPLICITLY PLEAD OUR INDEMNITY OBLIGATION AND AGREEMENT.

10:18:53  13       I WOULD LIKE TO THINK THAT I'M HERE ON BEHALF OF ALL THESE

10:18:56  14  CUSTOMERS BECAUSE THE UNIVERSE CHOSE ME, BUT IN FACT, WE ARE

10:19:01  15  HERE BECAUSE AMAZON IS HERE.

10:19:02  16       THE COURT:  MR. SHERMAN, I'M NOT GOING TO LET YOU

10:19:05  17   CONTINUE, I THINK THAT'S PROBABLY NOT GOING TO BE A SUCCESSFUL

10:19:08  18   ARGUMENT.  I WILL LOOK AT IT.

10:19:09  19       MR. SHERMAN:  THE REASON WHY I BELIEVE IT'S A

10:19:11  20  SUCCESSFUL ARGUMENT, AND I DO NOT WISH TO RUN AFOUL OF EITHER

10:19:16  21  COURT PROCEDURE OR JUST GOOD COMMON SENSE, WE DID A LOT MORE

10:19:20  22  THAN INCORPORATE <u>DATATERN</u> BY REFERENCE IN OUR OPPOSITION

10:19:24  23   PAPERS.

10:19:24  24       THE COURT:  NO, NO, IT WAS THERE, AND I APOLOGIZE

10:19:26  25   THAT I MISSED IT.

10:19:29  1          YOU KNOW, I WOULDN'T -- IT'S NOT FULLY DEVELOPED.  I WILL

10:19:36  2     LOOK AT IT, I WILL CERTAINLY LOOK AT IT.

10:19:38  3          MR. SHERMAN:  THAT WAS MY POINT, YOUR HONOR.

10:19:41  4          THERE IS AN ORDER HERE, AND I DON'T CLAIM TO -- YOUR HONOR

10:19:45  5     IS THE SUPREME AUTHORITY IN THIS COURTROOM ON THE ORDER, BUT

10:19:50  6     THERE IS A CART BEFORE HORSE ELEMENT TO THIS.

10:19:54  7          WE HAVE DISCUSSED IN GENERAL TERMS, WILLINGNESS TO STAND

10:19:59  8     DOWN UNTIL CERTAIN PREDICATE ACTIONS OCCUR, SUCH AS AN MDL.

10:20:08  9     MR. HADDEN SAID, WELL, IT WOULD HAVE BEEN INEFFICIENT TO

10:20:11 10     INTERVENE IN 50 ACTIONS.  YEAH, BUT YOU KNOW WHAT, IF THEY ARE

10:20:15 11     ALL IN ONE COURTROOM, NOT QUITE AS BIG A DEAL, I WOULD SAY

10:20:20 12     RESPECTFULLY TO THE COURT AND TO MR. HADDEN.

10:20:22 13          BUT ALSO, ALSO, GIVEN THAT THIS COURT'S AUTHORITY IS

10:20:28 14     BOUNDED BY, IS THIS A CASE OR CONTROVERSY, AND YOUR HONOR HAS

10:20:38 15     INDICATED A DESIRE TO THINK ABOUT THIS A LITTLE BIT MORE.

10:20:41 16          THE COURT:  SURE.

10:20:41 17          MR. SHERMAN:  I STARTED OUT BY SAYING WE FILED A

10:20:43 18     12(B)(1) MOTION TO DISMISS, IT IS SET FOR HEARING ON JUNE 14TH,

10:20:47 19     WE ARE HAPPY TO PROCEED IN A CONSENSUAL MANNER IN STAYING

10:20:55 20     THINGS HERE ON THE INDIVIDUAL CASES.

10:20:58 21          OF COURSE WE WOULD LIKE THE MDL PROCEEDING TO GET GOING.

10:21:02 22     BUT I THINK THAT THERE IS A, I WILL SAY IT AGAIN, A CART BEFORE

10:21:11 23     HORSE ELEMENT TO THIS, AMAZON CAN PLACE ITSELF IN WHATEVER

10:21:15 24     ARMOR IT WISHES AS THE PROTECTOR OF A CUSTOMER.

10:21:19 25          BY THE WAY, YOU NEED TO BE NOT ONLY A CUSTOMER, YOU NEED

10:21:22  1    TO BE A RESELLER.

10:21:23  2            THE COURT:  WELL, YOU KNOW, I'M NOT GOING TO, I DON'T

10:21:26  3     THINK IT'S QUITE THAT NARROW.

10:21:28  4        HERE'S THE REASON THAT I FOUND YOUR -- WE WILL GET INTO

10:21:32  5    MORE OF THE TECHNICAL ISSUES, THE COMPLAINT IS PLED AT A VERY

10:21:35  6    HIGH LEVEL.  BUT THEN I DID LOOK AT YOUR EXPERT'S DECLARATION,

10:21:40  7    AND I STILL DON'T UNDERSTAND, OR YOU HAVE NOT EXPLAINED, I

10:21:44  8    SHOULD SAY, AND THERE WILL BE PLENTY OF ROOM FOR ME NOT TO

10:21:48  9    UNDERSTAND, BUT I DON'T THINK YOU'VE EXPLAINED HOW AND WHAT

10:21:50  10   ROLE RUBY ON RAILS ACTUALLY PLAYS.

10:21:52  11       AND YOUR INFRINGEMENT CONTENTIONS WHICH OF COURSE AREN'T

10:21:56  12   DUE YET, THAT'S THE ACID TEST FOR YOU.

10:22:00  13       SO IT MAY BE THAT I NEED TO PARCEL OUT LIMITED STAYS TO

10:22:07  14   GET TO SOME TIME POINTS.

10:22:10  15       SO IT MAY BE, MR. HADDEN, IF THERE'S AN AGREEMENT TO STAY

10:22:15  16   ALL OF THE CASES BEFORE ME UNTIL I DECIDE THE MOTIONS TO

10:22:22  17   DISMISS ON CASE OR CONTROVERSY, AT LEAST UNTIL THAT TIME YOU

10:22:27  18   GET EXACTLY WHAT YOU WANT.  AND THEN I WILL HAVE IT FULLY

10:22:30  19   BRIEFED.

10:22:30  20       HAVE YOU BRIEFED THE MOTION TO DISMISS?

10:22:34  21           MR. HADDEN:  I THINK SO.  YES.

10:22:36  22           THE COURT:  IT'S ALL BRIEFED.  OKAY.  SO YOU'VE HAD A

10:22:39  23    CHANCE TO ADDRESS THE CASE FOR CONTROVERSY.

10:22:42  24           MR. HADDEN:  YES.

10:22:43  25           THE COURT:  EXCELLENT.  AND I HAVE NOT HAD A CHANCE

10:22:44  1      TO REALLY STUDY THAT.

10:22:49  2           SO -- AND BY THE TIME YOU COME BACK, I WILL KNOW FROM THE

10:22:52  3      COMMITTEE WHETHER ALL THE CASES WILL BE MINE, WHICH IS AN ADDED

10:22:56  4      BENEFIT.

10:22:58  5           AND YOU INDICATE THAT THE OTHER JUDGES HAVE STAYED THE

10:23:01  6      CASES PENDING THE MDL DETERMINATION.

10:23:04  7           MR. SHERMAN:  YES.

10:23:04  8           THE COURT:  SO IN FACT, AMAZON AND ALL THE

10:23:08  9      DEFENDANTS, UNTIL MAY 31ST, HAVE THE RELIEF YOU ARE SEEKING.

10:23:11 10           MR. HADDEN:  THAT'S TRUE, YOUR HONOR.

10:23:12 11           THE COURT:  GOOD.

10:23:12 12           MR. HADDEN:  IF I COULD JUST ADDRESS THE MDL POINT

10:23:15 13      JUST BRIEFLY.  MDL IS NOT THE TOOL TO SOLVE THIS PROBLEM.

10:23:20 14           THE COURT:  NO, IT'S NOT.

10:23:21 15           MR. HADDEN:  RIGHT.  BECAUSE AT THE END OF THE MDL,

10:23:24 16      ALL THE CASES GO BACK TO THEIR HOME COURTS FOR 50 DIFFERENT

10:23:27 17      TRIALS.

10:23:27 18           THE COURT:  YEP.

10:23:28 19           MR. HADDEN:  AND THAT'S WHY THE FEDERAL CIRCUIT IN

10:23:30 20      ROCKSTAR, GOOGLE AND NINTENDO SAID NO.  THE SOLUTION HERE IS

10:23:35 21      CUSTOMER GETS STAYED, ONE CASE GOES FORWARD.

10:23:39 22           THE COURT:  YEAH.

10:23:40 23           SO AS I SAID, I'M NOT PREPARED TO RULE ON THE CASE OR

10:23:43 24      CONTROVERSY ISSUE, SO I'M JUST GOING TO COMMENT THAT IF I FIND

10:23:48 25      THAT AMAZON CAN BRING ITS SUIT, I WOULD, I WOULD BE INCLINED TO

10:23:55  1    GRANT THE PRELIMINARY INJUNCTION.

10:23:57  2        I THINK THAT THIS IS A CUSTOMER SUIT.  I DO THINK THAT --

10:24:02  3    I MEAN, I AGREE WITH YOUR REPLY STATEMENT, MR. HADDEN, THAT I

10:24:05  4    ACTUALLY THINK THAT YOUR DECLARATORY RELIEF ACTION CAN RESOLVE

10:24:09  5    THE ENTIRE CASE BECAUSE YOU ALSO ALLEGE OR SEEK DECLARATORY

10:24:16  6    RELIEF ON THE TOOL KIT.

10:24:17  7            MR. HADDEN:  IN ADDITION, YOUR HONOR, THIS CASE

10:24:19  8    SHOULD BE BARRED, RIGHT.  WE HAVE LITIGATED THIS EXACT ISSUE.

10:24:22  9            THE COURT:  WELL, AND I DON'T NEED TO DECIDE THAT

10:24:24  10   EITHER.  I DON'T KNOW WHETHER THEY SHOULD BE BARRED OR NOT.

10:24:28  11   I'M ACTUALLY TRYING TO STAY WITH THE CUSTOMER USE ISSUE.

10:24:34  12       AND I DON'T AGREE THAT -- AND YOU CITED THE KAHN CASE, I

10:24:39  13   THINK.

10:24:39  14           MR. SHERMAN:  YES, WE DID.

10:24:40  15           THE COURT:  I THINK KAHN HAS BEEN LEFT BEHIND IN THE

10:24:44  16   DUST.  AND I THINK KATZ STARTED THAT, AND I REALLY -- IT SAYS

10:24:48  17   WHAT YOU SAY, AS YOU REPRESENT IT, BUT I JUST THINK IT HAS BEEN

10:24:53  18   SUPERSEDED BY FRESH THINKING ON THE BENEFIT OF THIS RULE.

10:24:58  19           MR. SHERMAN:  YOUR HONOR, I SENSE THAT THE COURT IS

10:25:04  20   EXTREMELY COMFORTABLE RIGHT NOW THAT, GIVEN A VOLUNTARY STAY OF

10:25:10  21   PROCEEDINGS IN THE TRIAL COURT, THAT JUNE 14TH WILL COME, WE

10:25:15  22   WILL SEE WHAT WILL HAPPEN WITH THE MDL, BECAUSE YOU ARE NOT

10:25:19  23   STAYING OR GOING TO THE MDL PANEL IN CHICAGO, I TAKE IT.

10:25:23  24           THE COURT:  I'M NOT GOING.  JUDGES DON'T GO TO THINGS

10:25:27  25   LIKE THAT.

10:25:27  1          MR. SHERMAN:  YOU ARE NOT STAYING MY PARTICIPATING --

10:25:29  2          THE COURT:  NO, NO, NOT AT ALL.

10:25:31  3       SO IN FACT, I GUESS IT WOULD ONLY BE A DISCOVERY -- I'M

10:25:34  4    NOT SURE -- I WOULD ONLY STAY, MAYBE DISCOVERY, BECAUSE I DON'T

10:25:38  5    KNOW WHAT ELSE --

10:25:40  6          MR. HADDEN:  NOTHING IS GOING ON, BUT I DO THINK IT'S

10:25:42  7    IMPORTANT FOR THE MDL PANEL TO KNOW IF -- THAT THIS COURT IS

10:25:47  8    CONSIDERING GRANTING THE PI INJUNCTION.

10:25:49  9          THE COURT:  SO -- BUT, WELL, MR. SHERMAN, IF THE

10:25:53  10   OTHER COURTS HAVE STAYED THEIR ACTIONS, THEY DIDN'T PROHIBIT

10:25:56  11   THE MDL FROM GOING FOR FORWARD EITHER.  SO IS THERE MAGIC

10:26:00  12   LANGUAGE?

10:26:01  13         MR. SHERMAN:  I HAVE NOT BEEN BEFORE A JUDGE LIVE YET

10:26:04  14   IN ANY OF THESE CASES WHERE THIS ISSUE WAS IN THIS DETAIL.

10:26:07  15         THE COURT:  WELL, FOR BETTER OR FOR WORSE, I ALWAYS

10:26:10  16   HAVE YOU COME IN FOR YOUR MOTIONS HERE.

10:26:12  17         MR. SHERMAN:  IT'S ALWAYS A PLEASURE TO SEE YOU,

10:26:13  18   YOUR HONOR.

10:26:14  19      THERE'S JUST A COUPLE OF POINTS THAT ARE SORT OF OUT THERE

10:26:17  20   NOW.  THE FIRST IS THE MDL, WHICH WE INTEND TO PROCEED.

10:26:20  21      OBVIOUSLY, IF COUNSEL WERE TO REPRESENT, I'M SURE HE

10:26:23  22   WOULDN'T, BUT IF THE COURT IS GOING TO GRANT THE PI THAT

10:26:26  23   YOUR HONOR HAS ALREADY INDICATED, FOR EXAMPLE, THAT YOU HAVEN'T

10:26:28  24   EVEN GOTTEN INTO THE ISSUE OF THE PRIOR AMAZON ACTION, SO I'M

10:26:34  25   SURE COUNSEL WOULDN'T GO THAT FAR.

10:26:37  1          BUT YOU'VE SUGGESTED ON SEVERAL OCCASIONS THIS MORNING,

10:26:43  2     READING THE COMPLAINT, READING THE COMPLAINT, READING THE

10:26:46  3     COMPLAINT, AND INTERESTINGLY, I'M TOLD BY MY VERY, VERY

10:26:52  4     EXPERIENCED PATENT COUNSEL, MR. SETH, MR. MONROE, AND

10:26:58  5     MR. MACEIKO, THAT WE WENT FAR, FAR, FAR BEYOND THE TWOMBLY

10:27:03  6     IQBAL REQUIREMENTS.  THAT'S WHAT THEY TOLD ME, FOR BETTER OR

10:27:07  7     FOR WORSE.

10:27:07  8          THE COURT:  I THINK THE COMPLAINT IS FINE.  I DIDN'T

10:27:09  9     HAVE ANY PROBLEM WITH IT.  I AGREE WITH YOU.

10:27:12  10          MR. SHERMAN:  I HAVE A PROBLEM WITH IT, YOUR HONOR.

10:27:14  11     WE WILL BE AMENDING THE COMPLAINT.

10:27:15  12          AND I'VE INDICATED THAT TO THE MDL PANEL, THAT WAS IN OUR

10:27:20  13     REPLY.  I EXPECT THAT THE AMENDMENT TO THE COMPLAINT WILL BE

10:27:26  14     READY IN APPROXIMATELY TWO WEEK'S TIME.  BUT THAT WAS AN FYI.

10:27:31  15          THE COURT:  OKAY.  THAT'S FINE, SURE.

10:27:33  16          MR. SHERMAN:  BUT ALSO, YOUR HONOR, SINCE WE ARE ON

10:27:35  17     THE SUBJECT OF STAY, BY THE WAY, IN EARLY FEBRUARY, THE PTAB

10:27:44  18     ISSUED AN ORDER ON ONE OF THE PATENTS THAT IS THE SUBJECT OF

10:27:51  19     THIS LITIGATION, THE '310 PATENT.  THIS WAS IN THE CASE OF

10:27:57  20     PERSONAL WEB AND APPLE COMPUTER.  AND THIS INTER PARTES REVIEW

10:28:04  21     RESULTED IN A PTAB DECISION INVALIDATING THE '310 PATENT.

10:28:16  22          THIS WAS THE SAME PANEL THAT WAS REVERSED BY THE FEDERAL

10:28:21  23     CIRCUIT.

10:28:21  24          THE COURT:  I MEAN, I GET REVERSED, AND I DON'T THINK

10:28:25  25     ANYONE THINKS I'M WRONG FOREVER MORE.

| | | |
|---|---|---|
| 10:28:30 | 1 | MR. SHERMAN:  YOUR HONOR, YOU ARE NOT GOING TO FIND |
| 10:28:32 | 2 | ANY DISAGREEMENT.  THIS IS MORE OF AN FYI, THIS WAS NOT IN OUR |
| 10:28:36 | 3 | PAPERS, THIS WAS NOT IN COUNSEL'S PAPERS, THIS IS A RECENT |
| 10:28:39 | 4 | DEVELOPMENT, THERE HAS BEEN AN ORDER BY THE PTAB, IT IS BEING |
| 10:28:42 | 5 | APPEALED TO THE FEDERAL CIRCUIT. |
| 10:28:43 | 6 | THE COURT:  OKAY.  SO NO ONE HAS ASKED ME TO STAY THE |
| 10:28:46 | 7 | CASES BECAUSE OF IPR PROCEEDINGS. |
| 10:28:48 | 8 | MR. HADDEN:  NO, YOUR HONOR. |
| 10:28:48 | 9 | MR. SHERMAN:  EXACTLY. |
| 10:28:49 | 10 | THE COURT:  THAT'S FINE.  I JUST WANTED TO SAY THAT. |
| 10:28:52 | 11 | MR. SHERMAN:  I JUST WANTED TRANSPARENCY. |
| 10:28:54 | 12 | THE COURT:  LET ME JUST SAY, MR. SHERMAN, IF YOU WANT |
| 10:28:56 | 13 | TO AMEND THE COMPLAINT, THAT'S FINE.  AND IF IT'S OPPOSED OR |
| 10:28:59 | 14 | STIPULATED OR WHATEVER, IT COULD CAUSE ME TO TERMINATE ALL |
| 10:29:02 | 15 | PENDING MOTIONS, BECAUSE THEY DON'T RELATE TO THE OPERATIVE |
| 10:29:06 | 16 | PLEADING. |
| 10:29:07 | 17 | MR. SHERMAN:  WELL -- |
| 10:29:08 | 18 | THE COURT:  SO PLEASE UNDERSTAND THAT, WHICH COULD |
| 10:29:11 | 19 | CAUSE YOU TO LOSE THE JUNE 14TH DATE. |
| 10:29:13 | 20 | MR. SHERMAN:  I -- |
| 10:29:19 | 21 | THE COURT:  I SAY THIS BECAUSE I DON'T WANT YOU TO BE |
| 10:29:21 | 22 | UNAWARE OF POTENTIAL CONSEQUENCES. |
| 10:29:26 | 23 | MR. SHERMAN:  THOSE ARE NOT CONSEQUENCES THAT WOULD |
| 10:29:27 | 24 | NECESSARILY CAUSE ME TO STAY UP AT NIGHT.  I MEAN, THEY ARE |
| 10:29:30 | 25 | CONSEQUENCES, BUT THIS IS WHAT HAPPENS IN THE CONDUCT OF |

10:29:33  1    LITIGATION.

10:29:34  2                THE COURT:  OKAY.

10:29:34  3                MR. SHERMAN:  THE POINT IS THAT WE'VE SPENT, MY

10:29:37  4    CLIENT HAS INVESTED CONSIDERABLE RESOURCES STUDYING THIS, THE

10:29:42  5    COMPLEXITIES OF THE HDT PROTOCOL.  AND THESE PATENTS PREDATE

10:29:51  6    THE MODERN DAY INTERNET AS WE KNOW IT.

10:29:53  7        SO THE POINT IS --

10:29:54  8                THE COURT:  THAT'S WHY THEY ARE EXPIRED.

10:29:58  9                MR. SHERMAN:  IF EVERYTHING STAYS ON TRACK AND

10:30:05  10   NOTHING IS TAKEN OFF CALENDAR, YOUR HONOR, I WOULD LIKE THE

10:30:09  11   OPPORTUNITY, IF YOU WOULD LIKE, I WILL MAKE A MOTION, I WILL

10:30:13  12   MEET AND CONFER WITH MR. HADDEN, YOU KNOW, THE DECLARATION OF

10:30:19  13   MR. SHENOY WAS FILED IN THE REPLY PAPERS, AND THEY COULD HAVE

10:30:23  14   FILED IT IN THEIR MOVING PAPERS.

10:30:25  15               THE COURT:  I KNOW.

10:30:25  16               MR. SHERMAN:  AND I'M NOT CAPABLE STANDING HERE --

10:30:30  17               THE COURT:  SURE.

10:30:30  18               MR. SHERMAN:  -- OF REFUTING THAT IN ANY --

10:30:34  19               THE COURT:  WELL, AND I AM VERY SYMPATHETIC TO THAT

10:30:36  20   POSITION YOU WERE PUT IN TO HAVE THIS LENGTHY REPORT.  BUT, YOU

10:30:41  21   KNOW, I AM REALLY LOOKING AT, YOU DIDN'T HEAR ME MENTION THAT

10:30:45  22   AS A BASIS FOR MY TENTATIVE LEANING TO GRANT THE MOTION.  I WAS

10:30:51  23   BASING IT ON YOUR COMPLAINT AND YOUR EXPERT.

10:30:54  24       SO, YOU KNOW, I REALLY UNDERSTAND GETTING HIT WITH A

10:31:00  25   200-PAGE SUPPLEMENT IN THE REPLY BRIEF IS VERY DIFFICULT.  BUT

10:31:06  1    I -- I WOULD, OF COURSE, RATHER SEE A MOTION FOR PRELIMINARY

10:31:13  2    INJUNCTION AFTER THE INFRINGEMENT CONTENTIONS ARE FILED, BUT

10:31:16  3    I'M NOT GOING TO HAVE THAT LUXURY.

10:31:18  4        AND THAT'S WHY I SUGGESTED THAT EVEN IF I WERE TO GRANT,

10:31:22  5    EITHER FORM OF RELIEF, THAT I WOULD MAKE IT CLEAR THAT YOU

10:31:27  6    COULD SEEK MODIFICATION OF AN INJUNCTION OR LIFTING OF A STAY

10:31:32  7    UPON FILING OF INFRINGEMENT CONTENTIONS THAT DO THE MAPPING

10:31:35  8    THAT WOULD BE REQUIRED THERE.

10:31:37  9        AND I THINK -- BECAUSE BOTH A STAY AND AN INJUNCTION HAVE

10:31:41 10    TO BE NARROWLY TAILORED IN A SHORTENED TIME AS POSSIBLE TO

10:31:47 11    PROTECT THE INTEREST OF THE PARTIES.

10:31:49 12        AND SO WITH THIS COMPLAINT, WHICH I FIND TO BE, IT'S FINE,

10:31:52 13    IT'S COMPLETELY ADEQUATE, BUT --

10:31:55 14            MR. SHERMAN:  THANK YOU.

10:31:55 15            THE COURT:  BUT IT ISN'T ADEQUATE FOR THIS MOTION.

10:31:59 16     HENCE, DR. RUSS'S SUPPLEMENTAL, AND HE DIDN'T SAY WHAT I WOULD

10:32:05 17     HAVE EXPECTED HOPED HIM TO SAY.

10:32:07 18        AND SO I SAT BACK FROM THAT AND I -- IN WHAT I COULD SEE

10:32:11 19    AT THIS POINT, IT MAY BE THAT DR. RUSS IS UNABLE TO MAP THE

10:32:19 20    PRODUCTS ON TO THESE CLAIMS UNTIL YOU HAVE SOME DISCOVERY.  AND

10:32:23 21    I APPRECIATE THAT.

10:32:24 22            MR. SHERMAN:  AND THAT'S OUR POSITION AS WELL,

10:32:26 23     YOUR HONOR.

10:32:27 24            THE COURT:  SURE.  AND I'M NOT GOING TO LET YOU HAVE

10:32:28 25     THAT RIGHT NOW.  BUT --

10:32:30  1          MR. SHERMAN:  I'M SORRY, DID YOU SAY YOU ARE NOT

10:32:32  2     GOING TO LET US?

10:32:33  3          THE COURT:  THERE IS GOING TO BE A STAY, THERE WON'T

10:32:37  4     BE ANY DISCOVERY, CORRECT?

10:32:38  5          MR. SHERMAN:  WHAT I WAS SAYING, YOUR HONOR, IS WE

10:32:40  6     ARE PREPARING WITHOUT THE BENEFIT OF ANY DISCOVERY, TO PROPOSE

10:32:46  7     OUR AMENDED COMPLAINT.

10:32:47  8          THE COURT:  THAT'S FINE.

10:32:48  9          MR. SHERMAN:  OKAY.

10:32:49  10          THE COURT:  THAT, YOU CAN DO.

10:32:50  11      ALL RIGHT.  SO HERE'S WHAT I THINK I'M GOING TO DO TODAY,

10:32:54  12     WE'VE GOT, BECAUSE SO MANY BALLS ARE IN THE AIR, AND

10:32:58  13     MR. SHERMAN IS ABSOLUTELY CORRECT THAT I HAVE TO BE CERTAIN OF

10:33:01  14     SUBJECT MATTER JURISDICTION, SO IF THE AMAZON CASE CAN'T

10:33:06  15     PROCEED, THEN THERE'S A WHOLE DIFFERENT SITUATION, PERHAPS

10:33:09  16     INTERVENTION WILL HAVE TO BE CONSIDERED AT THAT POINT, BUT

10:33:13  17     BASED UPON THE AGREEMENT OF THE PARTIES, I AM GOING TO STAY

10:33:16  18     THIS CASE WITH THE EXCEPTION OF MDL ACTIVITY UNTIL JUNE 14TH

10:33:22  19     WHEN YOU RETURN TO COURT ON THE PREVIOUSLY FILED MOTION TO

10:33:26  20     DISMISS.

10:33:27  21          IN THE EVENT THAT AN AMENDED PLEADING IS FILED, THEN I

10:33:32  22     WILL HAVE TO LOOK AT IT.  BUT I MAY TERMINATE WITHOUT

10:33:36  23     PREJUDICE, THE PENDING MOTIONS AND CONTINUE THE STAY UNTIL

10:33:41  24     THERE HAS BEEN -- WELL, I GUESS THERE WILL BE A FURTHER

10:33:49  25     MOTION -- I MEAN, THE MOTION TO DISMISS IS FILED BY THE

10:33:52  1    DEFENDANTS, YOU'RE OPPOSING THE MOTION BASED ON NO CASE OR

10:33:57  2    CONTROVERSY.

10:33:58  3         NO, I GUESS UNDER DEC RELIEF, IT'S YOUR MOTION.  I'M

10:34:02  4    SORRY, I'M GETTING CONFUSED.

10:34:04  5         IN THE AMAZON CASE, DO YOU WANT TO AMEND?

10:34:06  6         MR. SHERMAN:  NO, WE WISH TO AMEND --

10:34:08  7         THE COURT:  SO THEN THE AMAZON --

10:34:10  8         MR. HADDEN:  THEY WANT TO FILE 55 NEW CUSTOMER SUITS.

10:34:14  9         THE COURT:  SO THEN THE AMAZON CASE MIGHT HAVE TO BE

10:34:17  10   AMENDED.

10:34:18  11        MR. HADDEN:  YOUR HONOR, AT SOME POINT, THEY FILED 50

10:34:20  12   COMPLAINTS.  WE BROUGHT OUR PI MOTION BASED ON THOSE

10:34:25  13   COMPLAINTS.  AND AS YOUR HONOR RECOGNIZED, THE COMPLAINTS AS

10:34:28  14   PLED, THEIR THEORY MAPS TO AMAZON.

10:34:31  15        NOW IF THEY ARE GOING TO CONCOCT SOME NEW COMPLAINT, I

10:34:36  16   DON'T KNOW WHERE THAT LEADS US, THEY CAN'T JUST TRYING TO PLEAD

10:34:40  17   THE THEIR WAY OUT OF THE FACT THEY ARE ACCUSING AMAZON.

10:34:44  18        THE COURT:  WELL, I DON'T WANT TO MAKE THIS MORE

10:34:46  19   DIFFICULT.  I WANTED TO GIVE MR. SHERMAN THE OPPORTUNITY.

10:34:49  20        MR. HADDEN:  I UNDERSTAND, YOUR HONOR.

10:34:49  21        THE COURT:  SO -- AND I GOT BALLED UP IN THIS.  SO

10:34:52  22   THE MOTION TO DISMISS IS YOUR MOTION --

10:34:57  23        MR. HADDEN:  NO, THEIR MOTION.

10:34:58  24        THE COURT:  YOUR MOTION TO DISMISS THE DECLARATORY

10:35:00  25   RELIEF BASED ON NO CASE OR CONTROVERSY.  OKAY.

10:35:03  1          AND THAT'S SET FOR JUNE 14TH.  AND NO AMENDMENT IS GOING

10:35:06  2     TO BE FILED THERE.  THAT'S GOING TO GO FORWARD.  OKAY.  GOOD.

10:35:10  3          I'M GOING TO STAY THIS ACTION UNTIL JUNE 14TH WITH THE

10:35:16  4     EXCEPTION OF THE MDL ACTIVITY, OF COURSE.

10:35:19  5              MR. SHERMAN:  AND IF WE CHOOSE TO FILE AN AMENDED --

10:35:23  6              MR. HADDEN:  WELL, NO, IF IT IS STAYED, THEY

10:35:28  7     SHOULDN'T BE FILING THE AMENDED COMPLAINT.

10:35:30  8              THE COURT:  SO THEN YOU CAN'T AMEND.

10:35:31  9              MR. SHERMAN:  I WILL SEND COUNSEL THE PROPOSED

10:35:33 10     AMENDED -- I DON'T REALLY UNDERSTAND HIS POINT.

10:35:35 11          I DON'T THINK THAT COUNSEL IS SUGGESTING THAT BY ANY

10:35:39 12     CONSTRUCTION OF THE FEDERAL RULES OF CIVIL PROCEDURE, THAT WE

10:35:42 13     ARE COMPLETELY DENIED ANY OPPORTUNITY EARLY IN THE CASE BEFORE

10:35:45 14     THERE'S BEEN ANY PROCEEDINGS TO SEEK TO AMEND OUR OWN

10:35:47 15     COMPLAINTS.

10:35:50 16              THE COURT:  YOU PROBABLY HAVE TO FILE A MOTION

10:35:51 17     BECAUSE IT'S MORE THAN --

10:35:54 18              MR. HADDEN:  YEAH.

10:35:54 19              MR. SHERMAN:  THERE'S BEEN NO RESPONSIVE PLEADING

10:35:56 20     FILED.

10:35:57 21              THE COURT:  YOU HAVEN'T FILED A MOTION TO DISMISS THE

10:35:59 22     INDIVIDUAL CASES.

10:36:01 23              MR. HADDEN:  NO.  WE'VE ANSWERED.

10:36:04 24              THE COURT:  SO I THINK YOU MIGHT BE ABLE TO -- OKAY.

10:36:16 25     SORRY.  THIS PUZZLE IS GETTING TO ME WITH THE TWO CASES.  IF I

```
10:36:22   1    STAY ALL OF THE INDIVIDUAL CASES, THEN YOU CAN'T FILE A MOTION
10:36:25   2    TO AMEND.
10:36:26   3              MR. SHERMAN:  I CAN SEND HIM A PROPOSED MOTION.
10:36:28   4              THE COURT:  YOU COULD SEND --
10:36:30   5              MR. HADDEN:  HE COULD SEND ME WHATEVER HE WANTS.
10:36:31   6              MR. SHERMAN:  I'M JUST TRYING TO BE PRACTICAL ABOUT
10:36:34   7    THIS, AND THE FACT IS THAT EVERY ONE OF THE INDIVIDUAL CASES,
10:36:38   8    BY AGREEMENT BETWEEN COUNSEL, WE HAVE BEEN QUITE COOPERATIVE UP
10:36:43   9    THROUGH NOW.
10:36:44  10              THE COURT:  GOOD.
10:36:45  11              MR. SHERMAN:  FOLKS HAVE SAID, HEY, CAN WE HAVE AN
10:36:48  12    EXTENSION, SURE, WE GOT MDL COMING UP.
10:36:51  13              THE COURT:  SURE.
10:36:51  14              MR. SHERMAN:  NOW ALL THE SUDDEN I'M HEARING
10:36:53  15    SOMETHING ELSE.  WE'VE ANSWERED NO, THEY HAVEN'T ANSWERED.
10:36:56  16    MAYBE I WILL GET ANSWERS ON MONDAY TO ALL 55.
10:36:59  17         ALL I'M SUGGESTING IS THAT YES, THIS IS COMPLICATED, BUT I
10:37:03  18    DON'T BELIEVE THAT THAT SUSPENDS THE OPERATION OF THE NORMAL
10:37:07  19    RULES OF AMENDMENT BECAUSE WE INVESTED A LOT BEFORE WE FILED
10:37:11  20    AND WE ARE INVESTING A LOT --
10:37:13  21              THE COURT:  SO NOW YOU ARE SAYING YOU ARE NOT
10:37:15  22    AGREEING TO A STAY UNTIL JUNE 14TH?
10:37:17  23              MR. SHERMAN:  YOUR HONOR, I AM AGREEABLE TO A STAY.
10:37:20  24              THE COURT:  BUT THEN YOU CAN'T FILE YOUR AMENDMENT.
10:37:22  25              MR. SHERMAN:  OKAY.  SO I WILL SEND COUNSEL BY
```

10:37:25　1　　PROPOSED AMENDED COMPLAINT.

10:37:26　2　　　　　　THE COURT:  OKAY.

10:37:27　3　　　　　　MR. SHERMAN:  AND I WILL INDICATE TO THE MDL PANEL

10:37:29　4　　THAT WE HAVE A PROPOSED -- I ALREADY HAD INDICATED TO THE MDL

10:37:33　5　　PANEL THAT.  I AM TRULY SEARCHING FOR SOMETHING THAT IS

10:37:38　6　　PRACTICAL AND EFFICIENT.

10:37:40　7　　　　　　THE COURT:  ALL RIGHT.

10:37:40　8　　　　　　MR. SHERMAN:  RECOGNIZING THAT --

10:37:42　9　　　　　　THE COURT:  THANK YOU.

10:37:43　10　　　　　MR. SHERMAN:  -- THIS IS COMPLICATED.

10:37:44　11　　　　　THE COURT:  SO THIS IS COMPLICATED.

10:37:45　12　　　　AND PUTTING ASIDE THE MDL, IF I HAVE MERELY 30 CASES, I

10:37:50　13　　DON'T THINK I WOULD ACT VERY DIFFERENTLY THAN IF I HAVE 56.

10:37:53　14　　　　BUT WE WILL NEED TO DISCUSS EITHER PROCEEDING ALONG THE

10:37:57　15　　LINES OF THE AMAZON CASE, THAT'S WHAT MR. HADDEN HAS SUGGESTED,

10:38:03　16　　OR LETTING YOU LITIGATE YOUR BEST CASE.

10:38:06　17　　　　　MR. SHERMAN:  THAT'S FINE.

10:38:06　18　　　　　THE COURT:  I MEAN, AS ONE -- AND STAYING ALL THE

10:38:10　19　　REST, AND SEEING HOW THE BEST CASE COMES OUT.  AND IF YOU LOSE

10:38:13　20　　THE BEST CASE, THEN I -- YOU KNOW, I THINK EVEN A FAIRLY

10:38:20　21　　MIDDLING MEDIATOR CAN TAKE CARE OF THE REST OF THE CASES.

10:38:23　22　　BECAUSE IF I NEEDED TO SCHEDULE 30 TRIALS, I WANT YOU TO KNOW

10:38:27　23　　THAT MY NEXT AVAILABLE TRIAL DATE IS IN FEBRUARY OF 2022.

10:38:31　24　　　　　MR. SHERMAN:  OH, I WAS CLOSE.

10:38:33　25　　　　　THE COURT:  SO IF I WERE TO DO BACK-TO-BACK PATENT

10:38:36  1    TRIALS, IT WOULD TAKE ME TO MY RETIREMENT.

10:38:39  2         SO THAT'S WHY I SAY WE ARE PROBABLY GOING TO PICK, AND I

10:38:43  3    WILL LET YOU PICK IT, I MEAN, YOU WILL HAVE HAD -- I WILL GIVE

10:38:46  4    YOU AMPLE OPPORTUNITY.

10:38:48  5         MR. SHERMAN:  THAT'S FINE.

10:38:48  6         THE COURT:  AND THEN TO -- BUT WE WILL TALK ABOUT

10:38:51  7    THAT.  I HAVE TO MANAGE 30 CASES, UNLESS THE MDL PANEL DECIDES

10:38:54  8    TO SEND THEM TO NEW YORK OR SOMEWHERE ELSE AND SOME OTHER OF MY

10:38:57  9    COLLEAGUES WILL COME UP WITH A BETTER WAY OF HANDLING THEM.

10:39:01  10        MR. SHERMAN:  I WOULD SAY A FAIR TO MIDDLING TRIAL

10:39:04  11   LAWYER, IF HE OR SHE THEY LOST THAT FIRST CASE, MIGHT FIGURE

10:39:06  12   OUT WHAT TO DO.

10:39:07  13        THE COURT:  YOU KNOW, JUDGE ALSUP INSTITUTED HIS

10:39:09  14   SHOOTOUT LAST YEAR WITH CLAIMS WHERE EACH SIDE PICKED ITS BEST

10:39:13  15   CASE AND HE HAD A TRIAL ON THOSE.  OF COURSE HIS SHOOTOUT WAS

10:39:18  16   THE HOCKEY KIND, I THOUGHT IT WAS A DUEL OF 50 PACES, BUT IT

10:39:23  17   TURNED OUT TO BE MORE LIKE THE DUEL THAN THE HOCKEY SHOOTOUT.

10:39:27  18        ALL RIGHT.  I THINK WE HAVE A PLAN RIGHT NOW.  I WILL

10:39:29  19   ANTICIPATE SEEING YOU AGAIN ON JUNE 14TH.  I WILL, BY AGREEMENT

10:39:34  20   OF THE PARTIES, STAY THE INDIVIDUAL CASES UNTIL THAT DAY, WITH

10:39:38  21   THE EXCEPTION OF ANY ACTIVITY ON THE MDL ACTION.

10:39:42  22        I WILL, AND I'M STAYING IT FOR THE PURPOSE OF RESOLVING

10:39:48  23   THE COURT'S JURISDICTION FIRST, WHICH I AM COMPELLED TO DO.

10:39:52  24   AND THAT ISSUE IS BRIEFED IN THE PENDING MOTION TO DISMISS.

10:39:54  25        SO I THINK THAT IS THE PROPER THING TO DO.  I THINK

10:39:57  1    MR. HADDEN, YOUR CLIENTS ARE ADEQUATELY PROTECTED.

10:40:01  2        ON JUNE 14TH, IT WOULD CERTAINLY BE MY HOPE THAT I CAN

10:40:06  3    GIVE YOU AN ORAL RULING, AND SO THEN I CAN DECIDE ON WHAT

10:40:10  4    HAPPENS WITH THE STAY BEYOND THAT.  AND THEN I MAY BE PREPARED

10:40:14  5    TO GIVE YOU A FURTHER RULING FROM THE BENCH TO BE FOLLOWED UP

10:40:17  6    WITH THE WRITTEN ON THE PRELIMINARY INJUNCTION AND THE MOTION

10:40:21  7    TO STAY.

10:40:22  8        I WILL HAVE THE BENEFIT OF THE MDL PANEL'S DETERMINATION,

10:40:27  9    USUALLY, I HEAR FROM THEM WITHIN A WEEK OF THE HEARING.

10:40:32  10        MR. SHERMAN:  WOULD YOUR HONOR CARE TO SEE A CHAMBERS

10:40:38  11    COPY OF A NON-FILED, TO-BE-FILED AMENDED COMPLAINT?

10:40:44  12        THE COURT:  I THINK THAT WHAT I'M GOING TO DO THERE,

10:40:46  13    BECAUSE THERE'S A STAY, IS THAT GO AHEAD AND SEND THE INFORMAL

10:40:51  14    COPY TO MR. HADDEN, AND IF THE TWO OF YOU AGREE THAT IT WOULD

10:40:55  15    BE OF BENEFIT TO ME, YOU CAN SEND IT TO ME JOINTLY.

10:40:58  16        BUT I'M NOT GOING TO -- BECAUSE OTHERWISE I DON'T WANT IT

10:41:01  17    TO LOOK LIKE, MR. HADDEN, WHAT I GIVE WITH ONE HAND, I TAKE

10:41:04  18    BACK WITH THE OTHER.

10:41:05  19        MR. HADDEN:  UNDERSTOOD, YOUR HONOR.

10:41:06  20        ON THE PI MOTION ITSELF, ARE WE GOING TO HAVE AN ARGUMENT

10:41:09  21    ON THAT ON JUNE 14TH OR --

10:41:11  22        THE COURT:  SO I WON'T HAVE TIME ON JUNE 14TH.

10:41:15  23    LET'S NOW, WE HAVE --

10:41:17  24        MR. HADDEN:  I'M HAPPY TO ARGUE IT NOW.

10:41:19  25        THE COURT:  AND I THINK YOU ARE PREPARED FOR IT NOW.

10:41:21  1      SO LET ME, YOU KNOW, I GUESS MR. HADDEN, I WANT TO HEAR

10:41:25  2  FROM YOU AS TO WHY THE PRELIMINARY INJUNCTION WOULD BE A BETTER

10:41:30  3  OUTCOME THAN THE STAY, OTHER THAN THE OBVIOUS THAT IT WOULD

10:41:35  4  AFFECT ANY FUTURE CASES AND CASES IN OTHER JURISDICTIONS.

10:41:39  5      IF THERE'S ANY OTHER BENEFIT, AND I THINK I WAS -- AND I

10:41:49  6  HAVE SOME CONCERN, I WANTED TO BE SURE, AND I THINK I AM NOW

10:41:55  7  THAT -- AT FIRST WHAT I THOUGHT YOU WERE ARGUING IN ALLEGING IN

10:42:01  8  YOUR DEC RELIEF ACTION WAS THAT S3 DID NOT INFRINGE.  AND EVEN

10:42:09  9  IF THAT'S TRUE, THAT WOULDN'T BE THE ANSWER AND IT WOULDN'T

10:42:13  10  NECESSARILY RESOLVE ANYTHING.

10:42:14  11      BUT THEN IN YOUR REPLY BRIEF, MAYBE THAT'S WHEN I FINALLY

10:42:18  12  UNDERSTOOD IT ALL, YOU ARE ALLEGING THE TOOL KIT AS WELL, WHICH

10:42:21  13  IS THE MISSING PRODUCT.

10:42:22  14          MR. HADDEN:  YES.  ALL OF THAT, YOUR HONOR.

10:42:24  15      AND I HAVE A TUTORIAL THAT MAY HELP EXPLAIN HOW THIS

10:42:27  16  ACTUALLY WORKS IF YOUR HONOR WANTS TO SEE IT.

10:42:29  17          THE COURT:  HOW LONG IS THAT PRESENTATION?

10:42:33  18          MR. HADDEN:  NOT LONG, IT'S JUST A FEW SLIDES.

10:42:36  19          THE COURT:  OKAY.  SURE.

10:42:38  20          MR. HADDEN:  AND I SEE YOUR FIRST QUESTION, THE BASIC

10:42:40  21  DIFFERENCE BETWEEN STAYING THESE CASES IN THE PI IS OBVIOUSLY

10:42:43  22  THE AFFECT ON OTHER JURISDICTIONS.

10:42:45  23      SO IF, YOU KNOW, DESPITE OUR OPPOSITION THE MDL GETS

10:42:49  24  GRANTED, ALL THE CASES COME TO YOU, YOU HAVE THE POWER TO STAY

10:42:53  25  THEM ALL.  YOU HAVE, EFFECTIVELY, THE SAME RELIEF.

10:42:55   1          THE ONLY OTHER ISSUE THAT I UNDERSTAND FROM MR. SHERMAN IS

10:42:59   2     THAT PERSONAL WEB WANTS TO KEEP FILING THESE SUITS.  AND THAT

10:43:03   3     IS A PROBLEM.  AMAZON HAS, I THINK, A MILLION SIMILARLY

10:43:07   4     SITUATED CUSTOMERS, AND JUST HAVING THEM GET PICKED OFF EITHER

10:43:13   5     ALONE OR IN BUNCHES, IS PROBLEMATIC.

10:43:18   6          SO IF THE COURT -- YOU KNOW, THE ISSUE YOU EXPRESSED TODAY

10:43:24   7     THAT THEY SHOULD BE RESOLVED IN A SINGLE CASE, EITHER AMAZON'S

10:43:29   8     DECLARATORY RELIEF ACTION OR SOME GENERIC CUSTOMER SHOULD GO

10:43:34   9     FORWARD AND FIGHT THAT.  THERE SHOULDN'T BE NEW CASES BEING

10:43:38   10    FILED.  THAT THEY ARE FILED, THEY SHOULD BE STAYED IMMEDIATELY.

10:43:41   11          THE COURT:  SO I UNDERSTAND WHERE WE ARE ON OPEN

10:43:43   12    SOURCE.

10:43:44   13          MR. HADDEN:  YEAH.  CAN I JUST COMMENT ON THAT?

10:43:44   14          THIS NOTION THAT THEY NEED ADDITIONAL INVESTIGATION AND

10:43:45   15    HAVE TO AMEND NOW, RUBY ON RAILS IS OPEN SOURCE.  THEY COULD

10:43:50   16    HAVE -- DR. ROSS COULD HAVE DONE ANYTHING HE NEEDED.

10:43:53   17          THE COURT:  THEY CAN BUY IT.

10:43:54   18          MR. HADDEN:  IT'S FREE.  IT'S OPEN SOURCE.  SO THEY

10:43:58   19    COULD EXAMINE IT UP THE WAZOO AND FIND WHATEVER THEY WANT.

10:44:01   20          AND THE FACT THAT, AS YOUR HONOR NOTED, DR. RUSS COULD NOT

10:44:06   21    MAP A CLAIM TO IT AFTER WHATEVER ANALYSIS HE DID, KIND OF

10:44:10   22    PROVES THE POINT, WHICH IS WHY SEEING A BUNCH OF THESE

10:44:14   23    COMPLAINTS FROM THESE GUYS IS NOT VERY ENCOURAGING.

10:44:18   24          MR. SHERMAN:  YOUR HONOR, I DID NOT GET THE SENSE IN

10:44:21   25    THE READING OF THESE PAPERS, AND I'M NOT REALLY SURE HOW THIS

| | |
|---|---|
| 10:44:24 | 1 |

```
10:44:24   1      WOULD WORK LEGALLY, THAT A PARTY THAT CLAIMS THAT THEIR PATENTS

10:44:34   2      ARE BEING INFRINGED, IS BEING ENJOINED FROM SUING AN INFRINGER.

10:44:43   3          I MEAN, I NEED TO SEE THAT IN THEIR PAPERS.  I DON'T KNOW

10:44:46   4      HOW THAT COEXISTS WITH DUE PROCESS OR ANY STATUTES OF

10:44:52   5      LIMITATION.

10:44:52   6          THE COURT:  SO I WAS WAY MORE COMFORTABLE WITH A STAY

10:44:55   7      WHERE I HAVE FAIR LATITUDE AND DISCRETION IN CONTROLLING CASES

10:45:02   8      ON MY OWN DOCKET AS OPPOSED TO AN INJUNCTION.  BUT I WANTED TO

10:45:05   9      HEAR FROM MR. HADDEN WHAT BENEFITS HE SAW FOR PROSECUTION OF

10:45:10  10      THESE CASES.

10:45:11  11          MR. SHERMAN, I THINK YOU RAISED AN IMPORTANT POINT, AND

10:45:17  12      THE -- I MEAN, I DON'T KNOW THAT AN INJUNCTION COULD PREVENT

10:45:21  13      YOU FROM FILING ACTIONS, IT COULD BE AN INJUNCTION THAT AFFECTS

10:45:26  14      THE PROCESS OF A CASE OR PROGRESS OF A CASE ONCE ITS FILED.

10:45:30  15          AND SO THOSE WOULD BE TWO DIFFERENT THINGS THAT WE WOULD

10:45:33  16      HAVE TO EXPLORE IN A LITTLE MORE DETAIL.  BUT I WOULD AGREE

10:45:37  17      WITH YOU, I CAN'T ENJOIN YOU FROM FILING CASES BECAUSE YOU

10:45:40  18      COULD LOSE RIGHTS.  AND I DIDN'T SEE THAT IN THE PAPERS.

10:45:43  19          THE COURT:  AND I DON'T THINK, I'M NOT GOING TO TAKE

10:45:46  20      THE TIME TO LOOK FOR THAT NOW.

10:45:47  21          SO GO AHEAD, MR. HADDEN.

10:45:49  22          MR. HADDEN:  SURE.  TIME TO ARGUE?

10:45:52  23          THE COURT:  YEAH.

10:45:52  24          MR. HADDEN:  OKAY.  GREAT.

10:46:14  25          (OFF-THE-RECORD DISCUSSION.)
```

| | | |
|---|---|---|
| 10:46:21 | 1 | THE COURT:  SO IS THIS SOMETHING I'M GOING TO GET ON |
| 10:46:23 | 2 | THE VIDEO? |
| 10:46:24 | 3 | MR. HADDEN:  YEAH, IF I COULD GET THE SCREEN ON. |
| 10:46:26 | 4 | MR. SHERMAN:  YOUR HONOR, WHILE THIS IS OCCURRING, |
| 10:46:29 | 5 | DOES THE COURT MIND IF I SIT AT COUNSEL TABLE? |
| 10:46:31 | 6 | THE COURT:  ABSOLUTELY.  PLEASE DO.  AT A PLACE WHERE |
| 10:46:33 | 7 | YOU CAN SEE THIS, I THINK YOU'VE GOT SCREENS THERE. |
| 10:46:37 | 8 | MR. HADDEN:  UNFORTUNATELY, I CAN'T SEE IT.  IS THERE |
| 10:46:39 | 9 | A SCREEN I CAN WHEEL OVER?  OKAY. |
| 10:46:52 | 10 | MR. SHERMAN:  YOUR HONOR, MAY WE GET A COPY OF |
| 10:46:54 | 11 | WHATEVER COUNSEL IS SHOWING? |
| 10:46:55 | 12 | MR. HADDEN:  HERE IS A COPY OF ONE.  AND IF I COULD |
| 10:47:03 | 13 | HAND UP SOME SLIDES TO YOUR HONOR. |
| 10:47:05 | 14 | THE COURT:  I APPRECIATE THAT.  THANK YOU. |
| 10:47:30 | 15 | MR. SHERMAN:  YOUR HONOR, WHILE WE ARE SETTING UP, IF |
| 10:47:32 | 16 | I MAY. |
| 10:47:33 | 17 | MR. HADDEN SAYS THEY HAVE A FEW SLIDES, AND I HAD INQUIRED |
| 10:47:37 | 18 | ABOUT THE OPPORTUNITY TO RESPOND TO DR. SHENOY'S -- I'M MAKING |
| 10:47:43 | 19 | SURE THAT THIS IS NOTED FOR THE RECORD THAT THIS IS, LIKE, |
| 10:47:47 | 20 | 45 PAGES. |
| 10:47:49 | 21 | THE COURT:  I DIDN'T SEE ANYTHING FILED TO STRIKE THE |
| 10:47:51 | 22 | REPLY DECLARATION. |
| 10:47:54 | 23 | MR. HADDEN:  THEY ARE JUST DEMONSTRATIVES, I'M NOT |
| 10:47:57 | 24 | SURE WHAT THE BEEF IS. |
| 10:47:58 | 25 | MR. SHERMAN:  WE WEREN'T EVEN GIVEN THEM IN ADVANCE. |

10:48:00  1    BUT REGARDLESS, I THINK THAT THIS HIGHLIGHTS THE

10:48:02  2  DESIRABILITY, IF WE ARE GOING TO GET TO A FINAL DETERMINATION

10:48:05  3  BY THIS COURT ON THE SUBJECT OF THE PRELIMINARY INJUNCTION

10:48:08  4  MOTION, THAT WE --

10:48:09  5    THE COURT:  SO MY RULING -- THE ISSUES BEFORE ME

10:48:14  6  TODAY HAVE VERY LITTLE TO DO WITH THE TECHNOLOGY, IT HAS TO DO

10:48:17  7  WITH THE PLEADING, NOT THE UNDERLYING TECHNOLOGY.  AND SO I

10:48:21  8  ASSUME THIS IS A COUPLE OF MINUTES.

10:48:24  9    MR. HADDEN:  YEAH.  IT'S NOT THAT LONG, YOUR HONOR.

10:48:26 10  I WANTED TO EXPLAIN WHAT THEY ARE PLEADING IN THEIR COMPLAINT

10:48:28 11  AND HOW THAT ACTUALLY WORKS IN S3.

10:48:31 12    THE COURT:  OKAY.

10:48:31 13    MR. HADDEN:  IF YOUR HONOR DOESN'T FIND IT HELPFUL, I

10:48:34 14  WILL OBVIOUSLY STOP.

10:48:35 15    THE COURT:  OKAY.

10:48:45 16    MR. HADDEN:  SO AS YOUR HONOR NOTED, AND I WILL JUST

10:48:47 17  START WITH THIS SLIDE 4 FROM THE COMPLAINT, RIGHT.  THEY TALK

10:48:53 18  ABOUT DEFENDANT'S UPLOAD THEIR CONTENT TO AMAZON S3, S3 THEN

10:48:59 19  GENERATES THESE ETAGS, AND THEN THERE'S A LOT OF DISCUSSION IN

10:49:04 20  THE COMPLAINT WITH THE USE OF THE ETAGS IN THESE CONFIDENTIAL

10:49:08 21  GETS, AND THIS IF-NONE-MATCH HEADERS.

10:49:13 22    AND THAT'S REALLY THE BASIS OF ALL OF THEIR CLAIMS AND ALL

10:49:16 23  OF THEIR MAPPINGS IN EVERY CLAIM OF THE COMPLAINT TO THE

10:49:20 24  ACCUSED TECHNOLOGY, WHICH IS S3.

10:49:22 25    SO JUST A LITTLE EXPLANATION FOR WHAT THIS REALLY MEANS IN

10:49:26  1    THE REAL WORLD, RIGHT.  SO S3, WHICH STANDS FOR SIMPLE STORAGE

10:49:30  2    SOLUTION, IS NOT VERY SIMPLE, AND IT'S VERY LARGE, BUT IT IS

10:49:39  3    AMAZON'S CLOUD STORAGE SERVICE.  AND IT HOLDS, KIND OF,

10:49:46  4    RIDICULOUS AMOUNTS OF DATA IN DATA CENTERS ALL OVER THE GLOBE,

10:49:50  5    BUT IT'S SIMPLE IN THAT IT PRESENTS A VERY SIMPLE SET OF

10:49:54  6    FUNCTIONS TO USE.

10:49:58  7        SO IT HAS THESE THINGS CALLED BUCKETS, WHICH ARE JUST KIND

10:50:01  8    OF LOGICAL COLLECTIONS OF OBJECTS.  SO IF YOU ARE A CUSTOMER,

10:50:05  9    YOU CAN HAVE YOUR OWN BUCKET AND THEN YOU PUT THINGS IN THE

10:50:08  10   BUCKET AND YOU GET THINGS OUT OF THE BUCKET.

10:50:10  11       AND THAT'S WHAT S3 DOES.  BUT IT DOES IT REALLY FAST,

10:50:14  12   REALLY RELIABLY WITH JUST RIDICULOUS AMOUNTS OF DATA.

10:50:18  13       SO A COMMON USE CASE, AND THE ONE THAT IS BEING ACCUSED IN

10:50:22  14   THESE COMPLAINTS, IS THAT IF YOU ARE A COMPANY THAT OPERATES A

10:50:27  15   WEBSITE, YOU WOULD STORE YOUR STATIC CONTENT IN S3.

10:50:33  16       SO THE THINGS LIKE THE IMAGES FOR YOUR WEBSITE, THE

10:50:36  17   JAVASCRIPT, THE STYLE SHEETS, THE STUFF THAT DOESN'T CHANGE FOR

10:50:39  18   A PARTICULAR CUSTOMER WHEN THEY GO TO THE SITE.

10:50:44  19       SO THE CUSTOMERS UPLOAD THAT STUFF INTO S3 AS OBJECTS INTO

10:50:48  20   THE BUCKET, AND S3 CALCULATES THIS THING CALLED AN ETAG.  IT'S

10:50:52  21   SHORT FOR ENTITY TAG.  AND IT'S BASICALLY -- IT'S A

10:50:57  22   MATHEMATICAL FUNCTION OF THE DATA IN THE OBJECT.

10:51:00  23       AND THE POINT OF IT IS BASICALLY A VERSIONING DEVICE.

10:51:05  24   BECAUSE IF THE DATA IN THE OBJECT CHANGES, THEN THE ETAG

10:51:08  25   CHANGES.  SO YOU CAN DETERMINE IF TWO OBJECTS ARE THE SAME BY

10:51:13  1    DETERMINING THEIR ETAGS INSTEAD OF COMPARING THE OBJECTS

10:51:16  2    THEMSELVES.  AND THAT'S THE POINT OF IT.  AND ETAGS ARE A

10:51:21  3    CONCEPT OF PART OF THE HTTP PROTOCOL, THEY ARE AN OPTIONAL

10:51:26  4    FEATURE.

10:51:27  5         SO THE WAY THAT THIS WORKS IN THE COMPLAINT IS THAT THE

10:51:30  6    CUSTOMER, HERE WEBCO, A GENERIC WEBSITE, UPLOADS THE STATIC

10:51:36  7    CONTENT INTO S3.  S3 GENERATES THIS ETAG, AND THEN WHEN A

10:51:41  8    CUSTOMER GOES TO THE WEBSITE, MAKES A REQUEST, TYPICALLY THE

10:51:45  9    WEBSITE WILL GENERATE SOME DYNAMIC CONTENT, THE ACTUAL HTML

10:51:51  10   THAT IT SENDS TO A SPECIFIC CUSTOMER.  IT SENDS IT BACK, AND

10:51:55  11   THAT HTML HAS A BUNCH OF EMBEDDED REQUESTS FOR THESE, THE

10:52:01  12   IMAGES AND ALL OF THAT.  THE REQUESTS ACTUALLY GO NOT TO THE

10:52:06  13   COMPANY'S WEB SERVER, BUT TO S3.  SO THEY GO DIRECTLY TO S3.

10:52:09  14   YOU PUT THE OBJECT IN, YOU GET IT OUT.

10:52:11  15        AND THERE ARE, ON THE ORDER, AS TREVOR ROWE INDICATED IN

10:52:17  16   HIS DECLARATION, 12 TRILLION SUCH REQUESTS A MONTH TO S3.  SO

10:52:23  17   BASICALLY GO TO ANY WEBSITE, AND IF YOU LOOK AT THE HTML

10:52:27  18   UNDERNEATH YOU WILL SEE S3 IN THERE FOR ALL THE IMAGES, BECAUSE

10:52:30  19   ALL OF THEM ARE STORED IN HERE, RIGHT.

10:52:33  20        AND SO, THE BROWSER GOES DIRECTLY TO S3, IT GETS THE IMAGE

10:52:40  21   BACK, THE BROWSER USES IT TO RENDER THE PAGE, YOU HAVE YOUR

10:52:44  22   PUPPY PICTURE.  THE BROWSER WILL TYPICALLY STORE THAT IMAGE IN

10:52:47  23   ITS CACHE, SO IF IT GOES BACK TO THE PAGE IT HAS THE

10:52:50  24   OPPORTUNITY TO USE IT AGAIN.

10:52:54  25        SO THE TRICK IS IF YOU INCLUDE AN ETAG, LIKE S3 DOES IN

10:52:58    1    RESPONSE, THERE'S SOMETHING CALLED A CONDITIONAL GET.  SO WHAT

10:53:02    2    HAPPENS IS IF THIS USER GOES BACK TO THE WEB PAGE OR A RELATED

10:53:07    3    WEB PAGE, GETS NEW HTML, THAT HTML HAS ANOTHER "GET" TO THE

10:53:13    4    SAME OBJECT NAME.

10:53:15    5         SO IT COULD BE PUPPY.JPEG, RIGHT.  IT'S THE IMAGE OF THE

10:53:21    6    DOG.  INSTEAD OF GOING TO S3 AND SAY, GIVE IT TO ME AGAIN, THE

10:53:25    7    BROWSER SENDS HIS CONDITIONAL GET.  SO IT SAYS, GET IT FOR ME,

10:53:32    8    IF NONE MATCH THIS ETAG.

10:53:34    9         SO BASICALLY IT SAYS, SENDS THIS REQUEST, GOES BACK UP TO

10:53:38   10    S3, S3 COMPARES THE ETAG IN THE REQUEST TO THE ETAG IT HAS FOR

10:53:45   11    THE CURRENT OBJECT.  IF THEY ARE THE SAME, IT SAYS YOU ARE

10:53:48   12    GOOD, SENDS IT IN THIS FORMAT, AND YOU CAN USE WHAT'S IN YOUR

10:53:54   13    CACHE.  SO THAT'S KIND OF THE BASIC PATH THAT THIS GOES TO.

10:53:58   14         THE ALTERNATIVE, OF COURSE, IS IF THE OBJECT HAS BEEN

10:54:01   15    CHANGED IN S3, SO IF THERE'S A NEW PUPPY IMAGE, THE WEBSITE

10:54:07   16    OPERATOR HAS CHANGED THEIR WEBSITE, STILL HAS THE SAME NAME,

10:54:10   17    PUPPY.JPEG, BUT IT'S DIFFERENT.

10:54:14   18         IT WILL GET A NEW ETAG, THE ETAG WILL BE DIFFERENT BECAUSE

10:54:17   19    THE IMAGE IS DIFFERENT.

10:54:18   20              THE COURT:  SO YOU ESSENTIALLY DISAGREE THAT RUBY ON

10:54:21   21     RAILS USES THE FINGERPRINT WHICH IS WHAT UPDATES THIS.

10:54:25   22              MR. HADDEN:  WE WILL GET TO RUBY ON RAILS, AND RUBY

10:54:28   23     ON RAILS HAS NOTHING TO DO WITH THIS.

10:54:30   24              THE COURT:  I'M NOT MAKING THAT DECISION, THAT'S JUST

10:54:32   25     YOUR ARGUMENT.

10:54:33  1         MR. HADDEN:  I WILL EXPLAIN THAT IN A SECOND.

10:54:34  2         SO NEW REQUEST, NEW HTML.  IT'S GOT A REFERENCE AGAIN TO

10:54:37  3   THE PUPPY IMAGE.  RESEND OUR CONDITIONAL GET FROM THE BROWSER,

10:54:42  4   SAME ONE, GOES UP TO THE ETAG.

10:54:45  5         NOW THE ETAGS DON'T MATCH BECAUSE THE PUPPY HAS BEEN

10:54:48  6   UPDATED IN S3.  SO INSTEAD, S3 SENDS BACK THE NEW PUPPY IMAGE

10:54:53  7   WITH THIS HTTP 200.  OKAY.

10:54:57  8         NEW IMAGE SHOWS, GETS REPLACED IN THE CACHE, RIGHT.

10:55:01  9         THIS IS EVERYTHING THAT THE COMPLAINT ACCUSES.

10:55:08  10        THE COURT:  IT'S PRETTY STRAIGHTFORWARD.

10:55:11  11        MR. HADDEN:  STRAIGHTFORWARD, RIGHT.  IT'S DONE A

10:55:13  12  ZILLION TIMES FOR MILLIONS OF CUSTOMERS ALL THE TIME.  NONE OF

10:55:13  13  THIS DEPENDS ON RUBY ON RAILS.

10:55:18  14        SO WHAT'S RUBY ON RAILS?

10:55:18  15        THE COURT:  WELL, I WILL WAIT TO SEE, THAT'S

10:55:20  16  PLAINTIFF'S JOB TO LET ME KNOW HOW RUBY ON RAILS CONTRIBUTES

10:55:25  17  HERE.

10:55:25  18        MR. HADDEN:  AS ALLEGED IN THE COMPLAINT, RUBY ON

10:55:27  19  RAILS DOES TWO THINGS.  IT'S USED BY WEBSITE OPERATORS TO BUILD

10:55:34  20  WEB APPLICATIONS, IT'S A FRAMEWORK.  AND USING THE AMAZON RUBY

10:55:40  21  SDK, THOSE CUSTOMERS CAN KIND OF AUTOMATE THE LOADING OF THEIR

10:55:47  22  DATA INTO S3.

10:55:50  23        NOW THERE'S THIS OPTIONAL FEATURE WHERE YOU CAN CREATE A

10:55:54  24  FINGERPRINT.  WHAT THE FINGERPRINT DOES THOUGH, IS IT GETS

10:55:57  25  ADDED TO THE NAME OF THE OBJECT.  SO INSTEAD OF PUPPY.JPEG,

```
10:56:02   1        IT'S PUPPYFINGERPRINT.JPEG.
10:56:05   2               THE COURT:  AND THAT IS A RUBY ON RAILS FUNCTION?
10:56:07   3               MR. HADDEN:  THAT IS THE ACCUSED FEATURE OF RUBY ON
10:56:09   4         RAILS.
10:56:09   5               THE COURT:  AND YOU DON'T DISAGREE WITH THE
10:56:11   6         FINGERPRINT.
10:56:11   7               MR. HADDEN:  I DON'T DISAGREE, BUT THE FINGERPRINT
10:56:14   8         JUST BECOMES PART OF THE NAME FOR THE OBJECT IN S3, RIGHT.
10:56:17   9            SO NOW WE HAVE THIS RED OBJECT, IT'S GOT THE NAME.
10:56:20  10         THE KEY POINT IS THAT NONE OF THAT HAS ANYTHING TO DO WITH
10:56:24  11         THESE CONDITIONAL GETS.
10:56:25  12         CONDITIONAL GETS ARE ALL SPECIFIED BASED ON THE ETAG, NOT
10:56:30  13         THE NAME OF THE OBJECT OR THE FILE.
10:56:34  14            SO EVERYTHING IN THEIR COMPLAINT THAT REFERS TO
10:56:37  15         CONDITIONAL GETS, IF NONE MATCH HEADERS OR ETAGS, IS ALL BASED
10:56:41  16         ON THIS SIMPLE PROCESS THAT WE SAW IN S3.  AND IT'S THE SAME
10:56:47  17         PROCESS THAT HAPPENS, IF IT'S A RUBY ON RAILS OBJECT OR ANY
10:56:50  18         OTHER.
10:56:53  19            REQUEST THE OBJECT, YOU GET THE HTML, YOU GET THE "GET."
10:56:57  20         YOU GO UP TO S3, YOU GET THE OBJECT.  IT'S GOT A NAME THAT HAS
10:57:00  21         A FINGERPRINT IN IT, DOESN'T MAKE ANY DIFFERENCE TO THE WEB
10:57:03  22         BROWSER.  THE WEB BROWSER WILL MAKE THE CONDITIONAL GET BASED
10:57:06  23         OFF THE ETAG.  GOES BACK UP TO S3, EXACT SAME COMPARISON.
10:57:12  24               THE COURT:  SO I -- UNFORTUNATELY, I'M COMING TO THE
10:57:14  25         END OF THIS HOUR AND I AM GOING TO MOVE YOU ALONG.
```

| | | |
|---|---|---|
| 10:57:16 | 1 | MR. HADDEN:  YEAH. |
| 10:57:17 | 2 | THE COURT:  OKAY.  SO IS THERE ANY -- I WANT YOU TO |
| 10:57:21 | 3 | KNOW THAT, AS I SAY, I AM PROBABLY LEANING MORE TO A STAY THAN |
| 10:57:29 | 4 | TO AN INJUNCTION, BECAUSE I REALLY DON'T WANT TO CREATE THE |
| 10:57:34 | 5 | CONCERNS THAT MR. SHERMAN HAS ABOUT HIS FUTURE SUITS.  AND I |
| 10:57:40 | 6 | DON'T THINK I CAN REACH OUT THAT FAR AND IN ANY WAY PERIL HIS |
| 10:57:46 | 7 | CLIENT'S RIGHT TO FILE THOSE CASES TIMELY.  YOU CAN SERIALLY |
| 10:57:55 | 8 | ASK TO MODIFY AN INJUNCTION AS WELL, ONCE THERE'S AN IDENTIFIED |
| 10:57:58 | 9 | CASE.  SO THERE ARE WAYS TO DEAL WITH THIS, CERTAINLY. |
| 10:58:02 | 10 | SO LET ME JUST, IS THERE ANYTHING ELSE ON -- AND AGAIN, |
| 10:58:05 | 11 | JUST ON THE INJUNCTION OR STAY ISSUE. |
| 10:58:08 | 12 | MR. HADDEN:  NO, YOUR HONOR. |
| 10:58:09 | 13 | I DO THINK KATZ IN THE FEDERAL CIRCUIT AUTHORIZED |
| 10:58:14 | 14 | YOUR HONOR TO ENJOIN SUITS IN THIS SITUATION, AND THAT THE |
| 10:58:19 | 15 | GRANT OR DENIAL OF THAT INJUNCTION REQUEST IS IMMEDIATELY |
| 10:58:23 | 16 | APPEALABLE TO THE FEDERAL CIRCUIT. |
| 10:58:25 | 17 | SO I DON'T THINK THERE'S ANY DISPUTE ABOUT THE COURT'S |
| 10:58:28 | 18 | POWER.  AS A PRACTICAL MATTER, IF THE COURT IS GOING TO STAY |
| 10:58:32 | 19 | ALL OF THESE CASES, THE EFFECT IS GOING TO BE THE SAME. |
| 10:58:36 | 20 | THE COURT:  OKAY. |
| 10:58:37 | 21 | MR. SHERMAN, LET ME GIVE YOU THE LAST WORD HERE ON THIS. |
| 10:58:41 | 22 | I'M NOT GOING TO BE DECIDING THIS RIGHT NOW, BUT THIS IS WHEN |
| 10:58:45 | 23 | WE HAVE OUR -- |
| 10:58:46 | 24 | MR. SHERMAN:  I UNDERSTAND, AND I WOULD LOVE THE |
| 10:58:48 | 25 | OPPORTUNITY, AND PERHAPS AT OUR NEXT HEARING, TO PRESENT OUR |

10:58:50  1  OWN LITTLE SERIES OF IMAGES, CARTOONS, WHATEVER.

10:58:54  2         THE COURT:  ULTIMATELY, I HAVE A TUTORIAL ON YOUR

10:58:56  3  PATENT.

10:58:57  4         MR. SHERMAN:  I UNDERSTAND.  BUT WE WOULD LIKE THE

10:58:58  5  MINI-EARLY TUTORIAL AS WELL, AND I KNOW YOU DON'T WANT TO HEAR

10:59:01  6  IT TODAY.

10:59:03  7         WITH RESPECT TO SOME OF THE POINTS THAT COUNSEL JUST

10:59:06  8  RAISED, I DO THINK THAT THE ISSUE OF THE CUSTOMER SUIT

10:59:12  9  EXCEPTION NEEDS TO BE PUT IN ITS PROPER CONTEXT.

10:59:17  10        IT IS A CUSTOMER SUIT EXCEPTION THAT DEALS WITH RESELLERS.

10:59:21  11 IT WORKS GREAT WITH GUN GRIPS, IT WORKS GREAT WITH DEVELOPERS

10:59:28  12 OF SMART PHONES, SUCH AS THE GOOGLE CASE WHERE THE DEVELOPERS

10:59:33  13 WERE USING THE GOOGLE TECHNOLOGY AND THEY WERE SELLING THE

10:59:38  14 SMART PHONES.

10:59:39  15        THESE INDIVIDUAL DEFENDANTS ARE NOT IN THE BUSINESS, AND

10:59:40  16 IN FACT, ARE NOT RESELLING ANYTHING OF AMAZON S3.  WHILE THEY

10:59:48  17 MAY BE CUSTOMERS, THEY ARE NOT RESELLERS.

10:59:51  18        AND I BELIEVE THAT THE FOUNDATION OF THIS EXCEPTION TO THE

10:59:57  19 FIRST FILED SUIT DOCTRINE, IT'S AN EXCEPTION, WORKS ONLY IF YOU

11:00:02  20 ARE DEALING WITH CUSTOMERS WHO ARE RESELLERS.

11:00:07  21        I'M PLEASED THAT COUNSEL DOESN'T SPEAK ABOUT THE PRIOR

11:00:11  22 AMAZON ACTION, BECAUSE IT OFFERS THEM NO SUPER HERE FOR THE

11:00:19  23 REASONS THAT WE'VE INDICATED IN OUR OPPOSITION PAPERS.

11:00:23  24        BUT I THINK, IMPORTANTLY, THE AMAZON DJ ACTION WILL NOT

11:00:28  25 RESOLVE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS BECAUSE

11:00:31  1    PERSONAL WEB'S THEORY OF INFRINGEMENT REVOLVES AROUND RUBY ON

11:00:36  2    RAILS NOT S3, IT IS THE RUBY ON RAIL WEBSITE OWNER THAT

11:00:40  3    CONTROLS AND DRIVES THE USE OF ETAGS.  THEY ARE THE ONE THAT

11:00:47  4    CONTROL IT AND DRIVE IT, NOT AMAZON S3.

11:00:50  5         AND THEN FINALLY, YOUR HONOR, WE WOULD LIKE THE COURT AT

11:00:57  6    SOME POINT, IF YOU ARE CONSIDERING THIS, TO GIVE US THE

11:01:01  7    OPPORTUNITY TO PROVIDE SOME FORM OF A SUR REPLY WITH RESPECT TO

11:01:08  8    THE -- I'M SORRY IF I'M MISPRONOUNCING HIS NAME, THE

11:01:11  9    DECLARATION OF THEIR EXPERT.  MAYBE NOW, MAYBE WITH RESPECT TO

11:01:15  10   AN AMENDED COMPLAINT, BUT I THINK THAT THAT WOULD BE

11:01:18  11   APPROPRIATE.

11:01:18  12        THE COURT:  WELL, AS I SAID, I WASN'T REALLY RELYING

11:01:21  13   ON IT, BUT AS LONG AS IT'S IN THE RECORD, I DON'T KNOW THAT

11:01:27  14   IT'S --

11:01:29  15        MR. SHERMAN:  WELL, WE READ THE COURT'S STANDING

11:01:30  16   ORDERS ON REPLY DECLARATIONS, THERE WAS NO REASON TO SAY STRIKE

11:01:34  17   IT.  IT'S NOT THAT IT WAS EVIDENTIARY --

11:01:36  18        THE COURT:  WHAT WOULD YOU LIKE AS A SUR-REPLY

11:01:38  19   THOUGH, WHAT ARE YOU ASKING FOR?

11:01:40  20        MR. SHERMAN:  I'M ASKING FOR --

11:01:41  21        THE COURT:  I HAVE LIMITS, I MEAN, I'M NOT GOING TO

11:01:43  22   JUST OPEN THE GATES.  DO YOU WANT A THREE-PAGE BRIEF AND A

11:01:47  23   FIVE-PAGE DECLARATION?

11:01:48  24        MR. SHERMAN:  YES.

11:01:48  25        THE COURT:  THERE YOU ARE.

11:01:50  1          MR. SHERMAN:  DON'T STOP WHEN YOU'RE AHEAD.

11:01:52  2          THE COURT:  WE WILL DO BUSINESS WELL, MR. SHERMAN.  I

11:01:56  3     LIKE THAT.  AND HOW MUCH TIME WOULD YOU LIKE?

11:01:57  4          MR. SHERMAN:  TWO WEEKS.

11:01:58  5          THE COURT:  THAT'S REASONABLE.  OKAY.  THAT'S GOOD.

11:02:05  6       LET ME -- NOW, I UNDERSTAND FROM MY COURTROOM DEPUTY I

11:02:09  7     WILL SEE YOU ON JUNE 7TH, NOT JUNE 14TH.

11:02:11  8          MR. SHERMAN:  OH.

11:02:13  9          THE COURT:  APPARENTLY THERE WAS --

11:02:14 10          MR. SHERMAN:  I WAS LOOKING AT THE PAPERS.

11:02:16 11          THE COURT:  THAT'S RIGHT, AND APPARENTLY WHEN IT ALL

11:02:19 12     CAME OUT.

11:02:19 13       SO THE STAY WILL BE UNTIL THE HEARING.  YOU UNDERSTAND IF

11:02:24 14     I'M NOT READY TO RULE, I MAY EXTEND IT, AND I'M HOPING TO KNOW

11:02:27 15     FROM THE MDL COMMITTEE AT THAT POINT.

11:02:29 16       NOW YOU MAY RUN TO THE MDL COMMITTEE, MR. SHERMAN, AND

11:02:33 17     SUGGEST A DIFFERENT JUDGE AFTER THIS HEARING, I DON'T KNOW.

11:02:35 18          MR. SHERMAN:  OH, THERE'S NO WAY THAT'S GOING TO

11:02:37 19     HAPPEN, YOUR HONOR.

11:02:38 20       AND HAVE A HAPPY FLAG DAY SINCE I WON'T SEE YOU ON THE

11:02:41 21     14TH.

11:02:42 22          THE COURT:  ALL RIGHT.

11:02:43 23       I THINK THAT TAKES CARE OF EVERYTHING.  THIS IS, YOU KNOW,

11:02:48 24     NECESSARILY BY THE COMPLEXITY OF THE NUMBER OF PARTIES AND

11:02:51 25     ISSUES FLOATING AROUND, MY GUESS IS THESE HEARINGS WILL BE A

```
11:02:54   1    LITTLE BIT LENGTHY WHEN WE HAVE THEM.

11:02:56   2        AND ONCE I GET -- ONCE THE GROUND STOPS MOVING AND I KNOW

11:03:00   3    WHAT I ACTUALLY HAVE AND ONCE YOU'VE SERVED ALL THE PARTIES

11:03:05   4    THAT THERE ARE GOING TO BE, WE WILL PROBABLY HAVE TO HAVE SOME

11:03:08   5    KIND OF OMNIBUS CASE MANAGEMENT CONFERENCE WHERE WE CAN REALLY

11:03:13   6    SPEND A COUPLE OF HOURS MAPPING OUT HOW WE PROCEED.

11:03:17   7        BECAUSE, WELL, AS I SAY, I COULD END UP WITH ZERO OF THESE

11:03:20   8    CASES, JUST MY 30, BECAUSE IT'S NOT AN MDL, OR ALL OF THEM.

11:03:24   9    AND I DON'T KNOW HOW THE MDL COMMITTEE WORKS.  THEY DON'T ASK

11:03:29  10    MY OPINION.

11:03:30  11            MR. SHERMAN:  UNDERSTOOD.

11:03:30  12        THANK YOU VERY MUCH FOR YOUR TIME.

11:03:31  13            THE COURT:  ALL RIGHT.  THANK YOU ALL.

11:03:45  14            MR. SHERMAN:  WE ARE TOLD THAT THERE WAS A CMC TODAY.

11:03:50  15     IS THERE A CMC SET IN THE DJ ACTION?

11:03:53  16            THE COURT:  YOU KNOW WHAT, I MISSED THAT ENTIRELY.

11:03:57  17     IS THAT RIGHT, WE HAD A CMC IN YOURS?

11:04:00  18            MR. MONROE:  I THINK YOU GUYS HAD, IN THE ONE OF THE

11:04:03  19    MINUTE ORDERS, I THOUGHT I REMEMBER SEEING ONE WAS A CMC.

11:04:13  20            THE COURT:  FOR THE AMAZON CASE?

11:04:15  21            MR. MONROE:  I THINK IT WAS IN THE SAME ORDER THAT

11:04:17  22    RESET THE HEARING DATE OF THE MOTION TO DISMISS TO --

11:04:21  23            THE COURT:  SO THAT'S ON THE 7TH.

11:04:23  24            MR. MONROE:  BUT I THOUGHT IT SET A CMC DATE ALSO.

11:04:27  25            THE COURT:  OH, YOU DIDN'T MEAN TODAY HAVING A CMC.
```

```
11:04:32   1              MR. MONROE:  THE QUESTION IS WHETHER THAT SHOULD BE
11:04:35   2       MOVED OFF.
11:04:36   3              THE CLERK:  IT IS ALSO SET ON THE 7TH.
11:04:38   4              THE COURT:  I DON'T KNOW THAT IT'S BENEFICIAL TO HAVE
11:04:39   5       IT THEN.
11:04:40   6              MR. MONROE:  RIGHT.  THAT'S WHY I RAISED IT.
11:04:42   7              MR. SHERMAN:  I AGREE.
11:04:43   8              THE COURT:  ALL RIGHT.  I WILL PUT OUT AN ORDER
11:04:45   9       VACATING THAT CMC DATE.  AND WOULD YOU REMIND ME, WE WILL HAVE
11:04:50  10       TO FIGURE OUT WHEN TO RESET IT.
11:04:52  11          I WOULDN'T DO ANYTHING, I WOULDN'T KNOW UNTIL AFTER THE
11:04:55  12       MDL COMMITTEE IS DONE.  THANK YOU FOR MENTIONING THAT.  I WILL
11:04:58  13       VACATE THAT DATE.
11:05:00  14              MR. MONROE:  THANK YOU.
11:05:01  15          (THE PROCEEDINGS WERE CONCLUDED AT 11:05 A.M.)
          16
          17
          18
          19
          20
          21
          22
          23
          24
          25
```

1

2

3

4                        **CERTIFICATE OF REPORTER**

5

6

7

8              I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13              THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23

24   _____

25   SUMMER A. FISHER, CSR, CRR
     CERTIFICATE NUMBER 13185          DATED: 4/28/18